### Essex County Circuit Court.

FEDERAL DEPOSIT INSURANCE CORPORATION, A CORPO-
RATION EXISTING UNDER AND BY VIRTUE OF THE
LAWS OF THE UNITED STATES OF AMERICA, PLAIN-
TIFF, v. L. J. (ALSO KNOWN AS LIBORIO JOHN) MAN-
GIARACINA, DEFENDANT.

Argued March 18, 1938—Decided March 25, 1938.

For the plaintiff, *Andrew F. Zazzali.*

For the defendant, *David Levy.*

CAFFREY, C. C. J.   This is a motion in behalf of the plain-
tiff, for an order to strike out the defendant's demand for
security of costs.

The plaintiff, in the complaint averred to be "a corporation
existing under and by virtue of the laws of the United States
of America, having its principal office in the city of Washing-
ton, District of Columbia," alleges that it is the present
holder of two promissory notes each in the principal sum of
$1,000 made by the defendant, endorsed and delivered by
him to the Central Bank and Trust Company and by said
company endorsed over to the plaintiff.   It is alleged that
said notes were presented for payment on the due dates at
the place where payable, and the same were not paid.

The Federal Deposit Insurance Corporation was organized
under authority of the Banking act of 1933, approved by the
president on June 16th, 1933 (Public, No. 66, 73d Cong.).
This act was amended by Public, No. 362, approved June
16th, 1934 (73d Cong.), by Public Resolution No. 38,

approved June 28th, 1934 (74th Cong., and by the Banking act of 1935, approved August 23d, 1935 (Public, No. 305, 74th Cong.).

The management of the corporation is vested in a board of directors of three members, two of whom are appointed by the president by and with the advice and consent of the senate, the third member being the comptroller of the currency.

The chief function of the corporation is to insure the deposits of all banks which are entitled to the benefits of insurance under the law, to the extent of $5,000 for each depositor.

The second function of the corporation is to act as receiver for insured banks which fail.

Subsection "j" of section 12-B of the Banking act of 1935 under title I relating to federal deposit insurance provides in paragraph fourth that the federal deposit insurance corporation shall have the power "to sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States: *Provided,* That any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders and such State bank under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the Corporation or its property before final judgment in any suit, action, or proceeding in any State, county, municipal, or United States court. The board of directors shall designate an agent upon whom service of process may be made in any State, Territory, or jurisdiction in which any insured bank is located."

As referred to *supra,* the term "State bank" means any bank, banking institution, trust company, savings bank, or other banking institution which is engaged in the business of receiving deposits and which is incorporated under the *laws of any state.*

The Corporation, under the act, is entitled to the free use of the United States mails in the same manner as the executive departments of the government.

The defendant contends that the corporation, by reason of its having its principal office in the city of Washington, District of Columbia, is a foreign corporation, and therefore required to deposit security for costs in this court. However, it is elementary that the seat of government of the United States, is in the District of Columbia and that "the United States, in their sovereign capacity, have no particular place of domicile, but possess, in contemplation of law, a ubiquity through the union." *Vaughan* v. *Northrup, 15 Pet.* 1, 6; 10 *L. Ed.* 639.

This court is of the opinion that the Federal Deposit Insurance Corporation is an instrumentality created by the government for the public welfare. It is financed by the government and is not a corporation organized for private profit. As a government agency, it may be considered as a corporation of the United States, created by Congress as hereinabove stated. It is not a foreign corporation within the meaning of our state law. The corporation, so far as they partake of the sovereign character of the United States, are subject to suit and judicial process only as Congress may determine. There is no authority under the act for this court of a power to impose a limitation upon the corporation in the discharge of its statutory duty, by requiring the corporation to deposit security of costs in this cause. That Congress has power to create a corporation as an agency of the government to fulfill governmental purposes and to endow it with powers of a private corporation is not now open to question. *United States* v. *Doherty, 18 Fed. Supp.* 793, and cases cited (at *p.* 794).

This court cannot impose a restriction upon the corporation that it does not impose upon resident corporations.

The motion for an order to strike out the defendant's demand for security of costs will be granted. An order may be submitted accordingly.

No costs will be allowed upon this motion.