## RECONSTRUCTION FINANCE CORPORATION *v.* J. G. MENIHAN CORP. ET AL.

No. 200. Argued January 10, 1941.—Decided February 3, 1941.

*Mr. Clifford J. Durr,* with whom *Solicitor General Biddle* and *Mr. Hans A. Klagsbrunn* were on the brief, for petitioner.

*Mr. Arthur E. Sutherland, Jr.* argued the cause, and *Mr. George H. Harris* was on a brief, for respondents.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioner, Reconstruction Finance Corporation, took mortgages and assignments of real and personal property of a corporation, including its trade-marks and trade names, as security for a loan. On a sale by the trustee in bankruptcy of the debtor, petitioner purchased the property. A new corporation undertook to use the trade-marks and petitioner sought an injunction. Decree went against petitioner. Defendants' application for costs and additional allowance was denied. 29 F. Supp. 853. This order was reversed by the Circuit Court of Appeals, 111 F. 2d 940, and we granted certiorari because of a conflict of decisions. See *Federal Deposit*

*Insurance Corporation* v. *Casady,* C. C. A. 10th, 106 F. 2d 784.

Rule 54 (d) of the Rules of Civil Procedure provides that "costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law." This provision was merely declaratory and effected no change of principle.

The Reconstruction Finance Corporation is a corporate agency of the government, which is its sole stockholder. 47 Stat. 5; 15 U. S. C. 601. It is managed by a board of directors appointed by the President by and with the advice and consent of the Senate. The Corporation has wide powers and conducts financial operations on a vast scale. While it acts as a governmental agency in performing its functions (see *Pittman* v. *Home Owners' Loan Corp.,* 308 U. S. 21, 32, 33), still its transactions are akin to those of private enterprises and the mere fact that it is an agency of the government does not extend to it the immunity of the sovereign. *Sloan Shipyards Corp.* v. *United States Fleet Corporation,* 258 U. S. 549, 566, 567. Congress has expressly provided that the Reconstruction Finance Corporation shall have power "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal." There is nothing in the statutes governing its transactions which suggests any intention of Congress that in suing and being sued the Corporation should not be subject to the ordinary incident of unsuccessful litigation in being liable for the costs which might properly be awarded against a private party in a similar case.

We have had recent occasion to consider the status, in relation to suits, of a regional corporation chartered by the Reconstruction Finance Corporation and we have set forth the general principles which we think should govern in our approach to the particular question now presented. *Keifer* v. *Reconstruction Finance Corporation,* 306 U. S.

381. In the *Keifer* case we did not find it necessary to trace to its origin the doctrine of the exceptional freedom of the United States from legal responsibility, but we observed that "because the doctrine gives the government a privileged position, it has been appropriately confined." Hence, we declared that "the government does not become the conduit of its immunity in suits against its agents or instrumentalities merely because they do its work." *Id.*, p. 388. Recognizing that Congress may endow a governmental corporation with the government's immunity, we found the question to be "Has it done so?" That is, immunity in the case of a governmental agency is not presumed. We sought evidence that Congress had intended that its creature, considering the purpose and scope of its powers, should have the immunity which the sovereign itself enjoyed, and we noted the practice of Congress as an indication "of the present climate of opinion" which had brought governmental immunity from suit into disfavor. Accordingly, being unable to find that Congress had intended immunity from suit we denied it.

It was with a similar approach that we decided in *Federal Housing Administration* v. *Burr*, 309 U. S. 242, that the Federal Housing Administration was subject to be garnished under state law for moneys due to an employee. There, the Administrator under the National Housing Act was authorized "to sue and be sued in any court of competent jurisdiction, State or Federal." 49 Stat. 722. Starting from the premise indicated in the *Keifer* case that waivers by Congress of governmental immunity from suit should be liberally construed in the case of federal instrumentalities—that being in line with the current disfavor of the doctrine of governmental immunity—we concluded that in the absence of a contrary showing "it must be presumed that when Congress launched a governmental agency into the commercial

world and endowed it with authority to 'sue and be sued' that agency is not less amenable to judicial process than a private enterprise under like circumstances would be." Following that reasoning, the precise point of the decision was that the words "sue and be sued" normally embrace all civil process incident to the commencement or continuance of legal proceedings and hence embraced garnishment as part of that process.

These decisions chart our course. The Reconstruction Finance Corporation is expressly authorized to sue and be sued. It has availed itself of that authority to bring the defendants into court to answer the charge of trademark infringement. The defendants have successfully resisted the charge and the question is whether they should be denied the usual incidents of their success. We apply the principle that there is no presumption that the agent is clothed with sovereign immunity. We look as in the *Keifer* and *Burr* cases to see whether Congress has endowed petitioner with that immunity and we find no indications whatever of such an intent. We apply the farther principle that the words "sue and be sued" normally include the natural and appropriate incidents of legal proceedings. The payment of costs by the unsuccessful litigant, awarded by the court in the proper exercise of the authority it possesses in similar cases, is manifestly such an incident. The additional allowance made by courts of equity in accordance with sound equity practice is likewise such an incident. *Sprague* v. *Ticonic Bank,* 307 U. S. 161. We perceive no reason for holding that petitioner may avail itself of the judicial process in accordance with the authority conferred upon it and escape the usual incidents of that process in case its assertions of right prove to be unfounded. On the contrary, we think that the unqualified authority to sue and be sued placed petitioner upon an equal footing with private parties as to the usual inci-

dents of suits in relation to the payment of costs and allowances.

The judgment of the Circuit Court of Appeals is

*Affirmed.*

MR. JUSTICE BLACK took no part in the consideration and decision of this case.