**THOMASON v. WORKS PROJECTS ADMINISTRATION et al.**

No. 2186.

District Court, D. Idaho, S. D.

Oct. 10, 1942.

S. T. Schreiber, of Boise, Idaho, for plaintiff.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Paul S. Boyd, Asst. U. S. Dist. Attys., all of Boise, Idaho, for defendants.

CAVANAH, District Judge.

The action is one for damages against the defendants; the Works Project Administration, Dean W. Miller, State Administrator and Jess H. Hedges, who have moved to dismiss.

The principal question challenges the jurisdiction of this Court over the parties and the subject matter and in that regard the thought is first urged that the defendant, Works Project Administration is immune from suit and if so the suit resolves itself into an action in tort between individual residents of the same State where no federal question is involved.

Recognizing the principle that the United States and its instrumentalities created by Congress for the purpose of performing governmental functions are endowed with immunity unless Congress says they may be sued, our present problem is: where it is alleged that the Works Project Administration is a governmental agency and the defendant Dean W. Miller, State Administrator and Jess H. Hedges local supervisor, has Congress consented that they may be sued?

The presumption of immunity of the United States and its governmental agencies which has existed and been recognized by the Supreme Court since the adoption of the Constitution unless Congress has in express words consented that they may be sued, forbids the view that Congress intended to subject the United States and its instrumentalities to be sued. But the plaintiff asserts that principle by reason of recent decisions of the Supreme Court has been overruled in the cases of Keifer & Keifer v. Reconstruction Finance Corporation and Regional Agricultural Credit Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Federal Housing Administration, Region No. 4 v. Burr, doing business as Secretarial Service Bureau, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724, and Reconstruction Finance Corporation v. J. G. Menihan Corp. et al., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. While the defendants assert that the decisions relied upon by the plaintiff have no application to the facts alleged in the present case because we are now considering the status of the defendant the Works Project Administration, who is a conventional executive agency and not one created by Congress, and that the Supreme Court recognized a difference between a corporation created by Congress to perform governmental duties and an executive agency, each of which has to come through an organ that had been created by Congress and not by executive order.

If the contention of the defendants be correct and was the principle recognized by the Supreme Court in its recent decisions, of course, it would appear that the present suit cannot be maintained as against the defendant, the Works Project Administration.

We then must first start with the inquiry as to the alleged status of the defendant, Works Project Administration, a Governmental Agency and determine whether it comes under the contention that it is a conventional executive agency and not one created by Congress. We find that

the Works Project Administration was created on May 6, 1935, as a "Conventional Executive Agency," by executive Order No. 7034, 45 C F R 301.1, and was continued as Works Project Administration on April 25, 1939, by reorganization plan No. 1, 1939; supplemental C F R 252, 5 U.S.C.A. following section 133t. It is apparent that the defendant Works Project Administration came into being through the President, and is responsible to him for efficient and honest work as a "Conventional Executive Agency" and not through Congress as a body corporate and that being the case, no intention of Congress existed that it could sue or be sued. Nor was it necessary for Congress to have stated that it is immune from suit, nor was that right inherited from the Executive as it did not exist, as neither does the Constitution which creates the Executive branch of the Government and the office of the President, or any federal statute permit suit against the Executive.

When in analyzing the decision of the Supreme Court in the Keifer case to determine its application to the present case, it and the remarks expressed apply exclusively to corporations created by Congress performing governmental duties and not to include Conventional Executive Agencies, for the facts disclosed in the opinion were that Congress created the Reconstruction Finance Corporation as a body corporate, 15 U.S.C.A. § 601, and therein specified that it shall have the right "to sue and be sued". 15 U.S.C.A. § 604. Thereafter on July 21, 1932, Congress extended the power of this corporation to authorize it to create the Regional Agricultural Corporation who was given authority to loan money to stockmen and farmers, 15 U.S.C.A. § 605, and this subsequent Act did not state that this subsidiary corporation could "sue and be sued" and the Court merely stated that the question is: "whether the Regional Agricultural Credit Corporation, in the circumstances presently to be stated, is immune from suit. * * * Reconstruction is the parent of Regional. When creating it, Congress gave Reconstruction various general corporate powers including authority 'to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal.' 47 Stat. 5, 6, * * *.

"When later Congress authorized Reconstruction to create these Regional Agricultural Credit Corporations, it did so by outlining in a single section of a comprehensive statute, the broad scope of this added power for Reconstruction. 47 Stat. 709, 713. Congress naturally assumed that the general corporate powers to which it had given particularity in the original statute establishing Reconstruction would flow automatically to the Regionals from the source of their being. Such, certainly, has been the practical construction of the Regional Agricultural Credit Corporations in the instinctive pursuit of their enterprise. * * *

"The legal position of Regional is, therefore, the same as though Congress had expressly empowered it 'to sue and be sued.' [306 U.S. 381, 59 S.Ct. 517, 83 L.Ed. 784]."

It appears clear that the Court merely held that Regional merely acquired its right to sue and be sued through the parent corporation, Reconstruction Finance Corporation, and has not changed the general rule that consent to sue and be sued should appear.

Reliance is also had by the plaintiff on the cases of Federal Housing Administration, Region No. 4 v. Burr, doing business as Secretarial Service Bureau, supra, and Reconstruction Finance Corporation v. J. G. Menihan Corp. et al., 312 U.S. 81, 61 S. Ct. 485, 487, 85 L.Ed. 595. When we come to study these cases it will be observed that they do not apply to a situation like we have here. In the case of Reconstruction Finance Corporation v. J. G. Menihan Corp. et al., supra the action was brought by the Reconstruction Corporation who was expressly authorized to sue and be sued, in the Act of Congress, against the Menihan Corporation et al., to answer the charge of trade mark infringement. The defendants were successful in resisting the charge and the only question was whether the defendants should be denied the usual incidents of their success, and the Court merely applied the principle that after the Act of Congress authorized the Reconstruction Corporation to sue and be sued it included the appropriate incidents of legal proceedings, as it was there stated: "We perceive no reason for holding that petitioner may avail itself of the judicial process in accordance with the authority conferred upon it and escape the usual incidents of that process in case its assertions of right prove to be unfounded. On the contrary, we think that the unqualified authority to sue and be sued placed petitioner upon an equal footing with private parties as to the usual incidents of suits in rela-

54

tion to the payment of costs and allowances."

In the Burr case, supra. The question disposed of there was whether the Federal Housing administration was subject to garnishment for moneys due to an employee. The National Housing Act, 12 U.S.C.A. § 1702, provided that the administrator shall, in carrying out its provisions, "be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." The Court in that case said that "when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be." [309 U.S. 242, 60 S.Ct. 490, 84 L.Ed. 724]

It will be observed in that case, Congress had expressly provided that suit could be brought, that being the case, authority was granted to bring suit. It will be observed that the remarks made in these recent decisions respecting immunity should be applied to the Acts of Congress and situations there before the Court.

The remaining cases to which attention has been called are where Congress had expressly authorized suit to be brought and therefore the principle of presumption of immunity did not apply as Congress' intention was to the contrary in express words.

It is further urged that Governmental Agencies are not immune unless the Act creating them expressly states immunity, but it will be observed here that the agency sued is not a governmental agency but a Conventional Executive Agency, and should it be necessary that Congress must first express immunity for all acts of Conventional Executive Agencies, it is apparent that if suit is brought for every negligent act of appointees of the executive without the consent of Congress or immunity given, this Government would be subjected to suits so numerous that the finances of the Government could never meet the expenses of litigation and liquidating demands which may be asserted.

It is difficult to understand that the recent decisions referred to, of the Supreme Court, the Court intended that the United States is subject to suits for all acts and negligence of agents appointed by the executive unless Congress had expressly stated immunity, as the general remarks of the Court referred to therein, no doubt, referred to Governmental Agencies created by Acts of Congress and not by "Conventional Executive Agencies" appointed by the President. We are here dealing with the defendant Works Project Administration, who is a Conventional Executive Agency, appointed by the Executive.

■ The plaintiff further urges that the law under which she seeks relief is an Act known as the Workmen's Compensation Act, 5 U.S.C.A. § 751 et seq., and is a remedial and special law providing compensation for injured employees without reference to negligence on the part of either employer or employee. But it will be observed the Act for granting benefits to employees who come under it does not provide for a law action and does not give consent to sue the Government or any of its agencies to recover for an injury. It merely provides the procedure for compensation to persons injured by a traumatic injury through the Works Project Administration, to be presented to a Commission set up to determine the facts and not the Courts, and payment for an injury, if allowed by the Commissioner may be made by the use of funds made available by the Compensation Act. So it is clear that the present suit cannot be predicated upon the Compensation Act. In the case of Posey v. Tennessee Valley Authority, 5 Cir., 93 F.2d 726, the Court said that the remedy available was under the Compensation Act as it affords the sole remedy and is applicable to employees of the Works Project Administration, 5 U.S.C.A. § 796.

■ Therefore it is evident that the sole remedy of the plaintiff either against a corporation created by Congress or executive agency governed by the Compensation Act is under the Compensation Act and as plaintiff has never availed herself of the benefits of that Act, she cannot for this further reason maintain the present action against the Works Project Administration.

■ The Conclusion having been thus reached that the action cannot be maintained against the Works Project Administration, there remains the situation that the action resolves itself into an action of tort between individual residents of the same state and there not being any constitutional or federal question involved this Court would not have jurisdiction over such an action. McComb et al., v. United States Housing Corporation et al., D.C., 264 F. 589.

The motions of the defendants are sustained.