## In re CLERK'S FEES AND COST BONDS.

District Court, M. D. Tennessee, Nashville Division.

April 29, 1943.

S. E. Wasson, of Nashville, Tenn., for the clerk.

Robert H. Marquis, of Knoxville, Tenn., for Tennessee Valley Authority.

DAVIES, District Judge.

This matter is before the court upon the motion of the clerk, to require the Tennessee Valley Authority to deposit the usual filing fee of $15, and to execute a $250 cost bond, incidental to the institution of suit by and on behalf of the Tennessee Valley Authority in all cases except condemnation suits filed in the name of the United States of America.

The Tennessee Valley Authority is a body corporate, created by the Act of Congress known as Tennessee Valley Authority Act of 1933, 16 U.S.C.A. § 831 et seq. It is managed by a Board of Directors appointed by the President, by and with the advice and consent of the Senate. The primary purpose for the creation of said body corporate, was to maintain and operate the properties owned by the United States in the vicinity of Muscle Shoals, Alabama, in the interest of National Defense and for agricultural and industrial development and to improve navigation in

the Tennessee River and control the destructive flood waters in the Tennessee River and the Mississippi River Basin. It was granted wide powers to carry out the purposes for which it was incorporated, among which as provided in Section 831c (b) the corporation "may sue and be sued in its corporate name."

In the case of the Reconstruction Finance Corporation v. J. G. Menihan Corporation et al., decided by the Supreme Court of the United States on February 3, 1941, and reported in 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595, the Supreme Court held that the Act of Congress creating the Reconstruction Finance Corporation as a body corporate in which all of its stock was owned by the United States, did not endow the corporation with governmental immunity, and the mere fact that it was an agency of the government did not extend to it the immunity of the sovereign; that it must be presumed when Congress launched a governmental agency into the commercial world and endowed it with authority to sue and be sued, that agency is not less amenable to judicial process, than a private enterprise under like circumstances would be, and there is no presumption that such agency is clothed with sovereign immunity. Further, that the words "sue and be sued" normally include the natural and appropriate incidents of legal proceedings; that the payment of costs by the unsuccessful litigant, awarded by the court in the proper exercise of authority it possesses in similar cases, is manifestly such an incident, and saw no reason for holding that the Reconstruction Finance Corporation might avail itself of judicial process in accordance with the authority conferred upon it and escape the usual incidents of that process in case its assertions of right prove to be unfounded, but that on the contrary, the unqualified authority to sue and be sued placed the corporation upon an equal footing with private parties as to the usual incidents of suits in relation to the payment of costs and allowances.

The decision in the above case is of a later date than the Circular of the Attorney General, No. 2609, instructing Clerks and Marshals that in all suits filed or defended by the Reconstruction Finance Corporation, Home Owners Loan Corporation and Tennessee Valley Authority, the Clerk's and Marshal's fees for services rendered at their instance should be treated as constructive earnings from the United States.

■■ Likewise, this court holds the requirement of a deposit of a filing fee with the clerk upon institution of a suit, is one of the natural and appropriate incidents of legal proceedings. The Tennessee Valley Authority, although acting as a governmental agency in performing its functions, carries on transactions akin to private enterprise, and there being no governmental immunity granted by the Congress to the Tennessee Valley Authority in the Act creating the body corporate, it should be placed upon an equal footing with private parties in this respect. Therefore, the clerk will hereafter require the Tennessee Valley Authority to make all necessary deposits for filing fees now required of other litigants.

■■ The question of the requirement of a cost bond in the amount of $250 to be executed by the Authority upon the institution of suit, presents a different situation. It appears there is no local rule in effect in this court requiring the execution of such bond, unless it might be said such a rule has been adopted through custom and usage in following the State practice; nor, does there appear to be any provision in the rules of civil procedure requiring such security. Under these circumstances, it appears that this is a matter in which the court should exercise its discretion. In cases where a motion to require security for cost is made by opposing parties, the court should in its discretion consider whether or not the rights of the parties might be prejudiced by allowing a party to cause others to incur liability for large amounts of costs without being financially able to indemnify such parties for the amount thereof in the event of being cast in the suit. The question here presents no such problem, there is no danger of the Tennessee Valley Authority becoming insolvent, and any judgment rendered against it for costs would be immediately collectable; it therefore appears that there is no reason to require the Authority to undergo the onerous burden of detail and expense in furnishing a cost bond in each of the many suits that may be filed by it, and the clerk is therefore directed to proceed with the filing of all such suits instituted by the Authority without the usual requirement of the execution of a cost bond.