HUDSON COUNTY CIRCUIT COURT.

FEDERAL DEPOSIT INSURANCE CORPORATION, A CORPO-
RATION ORGANIZED AND EXISTING UNDER AND BY
VIRTUE OF AN ACT OF CONGRESS, HAVING ITS PRIN-
CIPAL OFFICE IN WASHINGTON, IN THE DISTRICT
OF COLUMBIA, PLAINTIFF, v. CORSON REALTY COM-
PANY, A CORPORATION OF THE ESTATE OF NEW JER-
SEY; ADELE K. FARR AND HENRY B. CORDTS, DE-
FENDANTS.

Decided May 24, 1943.

For the plaintiff, *George P. Moser.*

For the defendant, *James D. Connell.*

BROWN, C. C. J.   The plaintiff sued the defendants in the
above entitled court and a verdict of no cause of action was
rendered in favor of defendants and against plaintiff and
costs were thereupon taxed against the plaintiff.   The plain-
tiff now moves to vacate the judgment for costs.   While a num-
ber of cases are cited by the plaintiff in its brief to support its
motion it relies particularly on the case of *Federal Deposit
Insurance Corp.* v. *Casady, Town Treasurer, et al.,* 106 *Fed.
Rep.* (2d) 784, and *Federal Deposit Insurance Co.* v. *Man-
giaracina,* 16 *N. J. Mis. R.* 203; 198 *Atl. Rep.* 777.   The
last mentioned case has little or no application to the issue
presented for decision on this motion.   The gist of the Man-
giaracina decision was to the effect that the plaintiff is not
a foreign corporation within the laws of the State of New
Jersey requiring security for costs to be deposited, in which
the plaintiff is a party, and that a state court cannot impose
restriction upon the plaintiff that it does not impose upon

resident corporations. The Mangiaracina case involved the question of requiring a deposit of security for costs before trial while the motion now under consideration is whether or not the plaintiff shall be relieved of costs where it has failed in its litigation and costs have been taxed against it accordingly. Rule 54 (d) of the Federal Rules of Civil Procedure provides that "costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law." It was held by the United States Supreme Court in *Reconstruction Finance Corp.* v. *J. G. Menihan Corp., et al.,* 312 *U. S.* 81, that the rule of procedure cited is merely declaratory and effected no change of the principles of procedure. The Federal Deposit Insurance Corporation is a corporate agency of the United States government. It has wide powers and conducts financial operations on an extended scale. It acts as a governmental agency in performing its function and most of its transactions are like those of private enterprises. The fact that it is an agency of the government does not extend to it, particularly in litigation, the immunities of a sovereign. The plaintiff was created a federal corporation through the "Banks and Banking Act" of the federal government. Its creation is particularly referred to in the United States Code Annotated, title 12, "Banks and Banking," section 264 at page 496. Paragraph B of the section mentioned provides "The management of the corporation shall be vested in a board of directors consisting of three members, one of whom shall be the Comptroller of the Currency and two of whom shall be citizens of the United States to be appointed by the President by and with the advice and consent of the Senate." Under title 12, section 264 and paragraph "J" at page 506, the fourth power mentioned as being granted to the plaintiff is as follows: "to sue and be sued, complain and defend, in any court of law or equity, state or federal." Nothing appears in the federal statutes governing the transactions of the plaintiff which suggest any intention of Congress that in suing and being sued the plaintiff should not be subjected to the ordinary incidents of unsuccessful litigation in being liable for the costs which might properly be awarded against a private party

in a similar case. This was the holding of the United States Supreme Court in the case of *Reconstruction Finance Corporation* v. *J. G. Menihan Corp., supra*. In that case the court further held "that it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority 'to sue and be sued' that agency is not less amenable to judicial process than a private enterprise under like circumstances would be." The plaintiff has availed itself of the authority granted to it to bring the defendants into court. The defendants have successfully resisted the charge made against them and they should not be denied the usual incidents of their success. The authority to sue and be sued places the plaintiff upon an equal footing with the defendants. As to all the incidents involved in the trial of the cause including the payment of costs in case of failure on the part of the plaintiff, the case of the *Federal Deposit Insurance Corp.* v. *Casady, supra,* held that in an action for insured deposits, costs should neither be awarded in favor of nor against the Federal Deposit Insurance Corporation, since it is a governmental agency. In a later case, that is, the case of *Reconstruction Finance Corp.* v. *Menihan, supra;* the court respectfully disagreed with the decision in the Casady case. The decision in the Menihan case was certified to the United States Supreme Court for final decision upon a writ of *certiorari* and that court sustained the decision of the lower court in disagreement with the decision in the Casady case. The United States Supreme Court decision in the Menihan case is controlling and therefore the plaintiff's motion will be denied.