## BAUMAN v. ALUMINUM CO. OF AMERICA.
### No. 3683A.

District Court, E. D. New York.

Oct. 27, 1944.

Samuel M. Shorenstein, of New York City (Meyer Kraushaar, of New York City, of counsel), for plaintiff.

George J. Stacy, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the plaintiff for an order striking out the second, third, fourth and fifth defenses and "so much of the first defense as alleges contributory negligence of plaintiff as contained in the defendant's amended answer on the ground that the same are not legal defenses and are insufficient in law upon the face thereof."

The second defense contains the following paragraphs:

"Third: That the Defense Plant Corporation is a corporation formed as a governmental agency of the United States, formed for the purpose of construction of defense plants in the furtherance of the war efforts of the United States, and was and is immune from any suits at law arising out of the construction of such defense plant or plants.

"Fourth: That the construction work referred to in the complaint was owned by the Defense Plant Corporation and was part of a defense plant being erected and constructed by said Defense Plant Corporation and solely for the purposes for which said Defense Plant Corporation was formed.

"Fifth: That at all the times and places mentioned in the complaint the defendant functioned solely for and in behalf of said Defense Plant Corporation in its furtherance of the war efforts of the United States, and thereby was and is immune from any suits at law arising out of the construction of such Defense Plant or out of any of the matters and things referred to in the complaint."

The third defense contains the following paragraph: "Sixth: That under and by virtue of the laws of the United States and the State of New York this action may not be maintained against defendant, and defendant is immune from any liability therefrom."

The fourth defense contains the following paragraph: "Seventh: That under and by virtue of the laws of the United States and the State of Arkansas this action may not be maintained against defendant and defendant is immune from any liability therefrom."

The fifth defense contains the following paragraph: "Eighth: That at the times alleged in the complaint herein it was and now is the law of the State of Arkansas that defendant was under no duty with respect to the erection or maintenance of the premises or scaffold mentioned in the complaint herein and that there was no failure of duty on defendant's part with respect thereto, as to plaintiff."

The second defense is that the defendant is immune from any suits at law arising out of the construction of a defense plant upon the ground that the Defense Plant Corporation is a corporation formed as a governmental agency of the United States, for the purpose of construction of defense plants in furtherance of the war efforts, and that the construction work referred to in the complaint was owned by the Defense Plant Corporation, and that the defendant functioned solely for and in behalf of the Defense Plant Corporation in its furtherance of the war efforts.

The Defense Plant Corporation was organized pursuant to Title 15 U.S.C.A. § 606b(3). This section authorized and empowered the Reconstruction Finance Corporation, by direction of the executive authority, to organize corporations such as a defense plant corporation.

No authorities have been pointed out by the defendant indicating in any way that the defendant thereby became immune from an action of this character. No such immunity exists. Reconstruction Finance Corporation v. J. G. Menihan Corporation, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595; Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784. The second defense is therefore insufficient.

The third defense alleges that under and by virtue of the laws of the United States and the State of New York this action may

not be maintained against the defendant and that the defendant is immune from any liability therefrom.

 The plaintiff's cause of action is based upon the laws of the State of Arkansas, the accident having occurred there. Arkansas law therefore applies; New York State laws have no application.

The third defense that the defendant is immune from this action by virtue of the laws of the United States is the same defense alleged in the second defense which has been held insufficient.

The fourth defense repeats the immunity under the laws of the United States. This has already been disposed of in the second defense. The fourth defense also alleges immunity under the laws of the State of Arkansas. No such law has been referred to in defendant's brief. Apparently there is no law in the State of Arkansas granting immunity in an action of this character. The fourth defense is therefore insufficient.

The first defense alleges that the plaintiff's injuries were caused through his own negligence. This allegation sets forth the defense of contributory negligence.

Under Federal Rules of Civil Procedure, rule 8(c), 28 U.S.C.A. following section 723c, even though the burden may be upon the plaintiff to establish freedom from contributory negligence, the defendant must allege it as a defense in order to raise the issue. The allegation in the complaint is that the plaintiff was employed not by the defendant but by the Mundet Cork Corporation; however, the complaint does allege that the work was under the supervision and direction of the defendant's engineer who was in charge of the construction work and who was the defendant's employer.

It is unnecessary to pass upon the question as to whether or not the language used in the complaint, if proven, establishes the relationship of master and servant as between defendant and plaintiff under the laws of the State of Arkansas so as to permit recovery upon that basis, for the reason that the complaint contains an allegation to the effect that the defendant failed to furnish the plaintiff with a reasonably safe place to perform his work. Certainly, as to that claim the defendant could interpose the defense of contributory negligence. It is therefore unnecessary to decide whether, under the laws of the State of Arkansas, contributory negligence is a complete or partial defense and whether the comparative negligence law of the State of Arkansas applies. Defendant's first separate defense is therefore sufficient.

In passing the Court might call attention to the fact that the complaint and answer allege the laws of the State of Arkansas. Such allegations are unnecessary in a pleading in this court for the reason that the Court is required to take judicial notice of the laws of the several states. Therefore the fifth separate defense is stricken as it alleges the laws of the State of Arkansas.

Settle order on notice.