**UNITED STATES v. SHOFNER IRON & STEEL WORKS.**

**Civil Action No. 3224.**

District Court, D. Oregon.

Feb. 6, 1947.

---

[1] No opinion for publication.

Henry L. Hess, U.S.Atty., of Portland, Or., for plaintiff.

Albert M. Hodler, W. K. Phillips, and MacCormac Snow, all of Portland, Or., for defendant.

BROWN, District Judge.

Defendant moves to dismiss the action or to strike from the files the complaint and amended complaint upon the grounds (a) that neither the complaint or the amended complaint states a claim upon which relief can be granted, and (b) that the plaintiff is not the real party in interest.

As the amended complaint supersedes the original complaint no motion of any kind can now be addressed to the original complaint as it performs no function in the action and the motion is denied in its entirety as to the original complaint.

Defendant contends that the Reconstruction Finance Corporation is the real party in interest and relies upon subdivision (a) of Rule 17 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides where material here "Every action shall be prosecuted in the name of the real party in interest," and Subdivision (b) where material provides "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."

The Reconstruction Finance Corporation was organized by an Act of Congress as a corporation, Title 15 U.S.C.A. § 601 et seq. By Section 604 of the same Title it is specifically given the authority to sue and be sued. Plaintiff alleges in the amended complaint that the Reconstruction Finance Corporation is the owner of the real property; that the defendant now holding possession was originally let into possession of the property by it as its tenant although the period of tenancy has expired; it alleges that it has declared the real property surplus and transferred "jurisdiction" to the War Assets Administration for disposal, and that Administration has the right of present possession, of necessity, so that it may dispose of the property. It does not follow of necessity that the War Assets Administration must possess the property physically in order to dispose of it any more so than a real estate broker must physically possess the home of its client in order to dispose of the home. However that may be, it is apparent that the War Assets Administration does not have possession of the property and cannot get it except as a result of litigation that it itself

cannot undertake in its own name, and the question presented is, who is the party properly to carry forward the litigation, in other words the real party in interest?

■ The Reconstruction Finance Corporation and the United States are not the same or the same entities.

The Reconstruction Finance Corporation is a corporate agency of the government which is its sole stockholder, 15 U.S.C.A. § 601 et seq. It is managed by a Board of Directors appointed by the President, by and with the advice and consent of the Senate. It has wide powers and conducts financial operations on a vast scale. While it acts as a governmental agency in performing its functions, its transactions are akin to those of private enterprises, but it is not the sovereign and does not possess the immunities that the sovereign does possess, Reconstruction Finance Corporation v. J. G. Menihan Corp. et al., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. It is an entity in law, separate and apart from the United States.

Congress must have contemplated, in giving to the corporation the vast powers that it gave to it in transacting its multifarious business, that in so doing it would probably acquire causes of action against others and for that reason it gave the corporation the power to sue. Equally, it was within the contemplation of Congress, that in transacting the multifarious business it had a right to transact, it might give to others a cause of action against it, and gave to those others the right to sue the corporation, each right being a valuable right to the one possessing it under the act of Congress. It thus could not be contended by the defendant, if the action were brought in the name of the Reconstruction Finance Corporation, that the United States was the proper party in interest and the action should be maintained in its name. Equally, if one possessing a cause of action against the Reconstruction Finance Corporation should sue that corporation the corporation could not well move to dismiss the action on the ground that the United States and not the corporation was the real party in interest as defendant. I do not believe the Congress, in giving to the corporation the power to sue, in effect gave to it an election to maintain the action in its own name, or in the name of the United States, as it might appear in each particular action to be to the particular advantage for some reason of the corporation to sue in the name of the United States rather than in its own name. Ordinarily causes of action possessed by the Reconstruction Finance Corporation are its causes of action and not causes of action of the United States or of the United States and the corporation jointly, and as to those causes of action and except where special circumstances appear from the pleading, which do not appear here, the corporation is the real party in interest and not the United States. To hold otherwise might deny a defendant a valuable right which it might have as a party litigant against the Reconstruction Finance Corporation if the action were brought in its name which it could not or would not have if the action were brought in the name of the United States alone. The case of Reconstruction Finance Corporation v. J. G. Menihan Corp., supra, is an illustration, for there the defendant was successful and being successful was entitled to a money judgment for its costs that it would not have been entitled to had the action been permitted to be maintained in the United States.

■ It necessarily follows that the motion made insofar as the first cause of action is concerned is meritorious and ought to be sustained on both of its grounds. The United States, not being the real party in interest, of course cannot state a claim upon which relief can be granted.

■ As to the second cause of action, it is alleged that the defendant leased the real property to the plaintiff from the 28th day of September, 1943, to and including the 23rd day of March, 1963; that the plaintiff is entitled to the possession of the property and that defendant unlawfully withholds possession of the property from the plaintiff. The question presented being that the plaintiff is not the real party in interest, as the transaction was had, as appears from the second cause of action, between the plaintiff and the defendant and not between the defendant and the Reconstruction Finance Corporation, there is nothing in the allegations of the second cause of action that leads

to the conclusion that anyone else except the plaintiff is or could be the real party in interest and the motion to dismiss as to the second cause of action ought to be denied.

It is therefore ordered that the motion to dismiss the amended complaint is granted insofar as the first cause of action is concerned and denied as to the second cause of action.