

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

December 13, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-732

Re: The existence of a tax
lien against personal
property which Recon-
struction Finance Cor-
poration has purchased
upon foreclosure of its
deed of trust and chat-
tel mortgage liens.

Dear Mr. Sheppard:

You submit for the opinion of this office the question contained in your letter of November 8, 1948, which we quote as follows:

"I am attaching hereto a Statement of Facts concerning the sale of property under judgment and foreclosure in favor of the Reconstruction Finance Corporation between the R.F.C. and Hopkins County.

"You will notice that the State of Texas and Hopkins County are claiming a tax lien on the property sold under foreclosure. The R.F.C. has agreed to pay the taxes as claimed by Hopkins County and the State provided the Attorney General of Texas rules that the tax is due. I shall, therefore, thank you to advise this department whether or not the claim of the State and Hopkins County is a legal lien against the property sold under fore-closure as set out in the Statement of Facts attached hereto."

The answer to your question depends upon whether or not the State and County had a lien for the taxes in question on the 30th day of October, 1948, the date of the levy by the tax collec-tor upon the personal property in question. The admitted facts show that prior to this date the Reconstruction Finance Corpora-tion had acquired title and possession of the property by fore-closure of its mortgage lien and sale under execution by the United States Marshal on July 6, 1948, which sale was confirm-ed by the Court on July 22, 1948.

The general rule is that a lien on personal property for ad valorem taxes does not attach until seizure for sale to satisfy the taxes. This is manifest from the following quoted from the case of Cassidy Southwestern Commission Company v. Duval County, et al, 3 S.W.(2d) (Sup.Ct.) 416:

"... For the levy upon and seizure of those cattle were not made by the tax collector until subsequent to the time when Cassidy Southwestern Commission Company became their owner. The facts show a levy upon property belonging to one person to satisfy taxes due by and assessed against another, whereas the levies and seizures authorized in those articles have relation to 'personal property belonging to such person as may be sufficient to pay his taxes.' Nothing comparable to a lien upon personal property, except upon levy, seizure, etc., in the manner prescribed, is provided to secure payment of state or county taxes, save in the special case described in article 7627, R.S. 1911. Storey's possible escapement of the burdens assessed against him does not justify holding another liable therefor. ...

"... It will be noticed that the Constitution fixes a special lien upon landed property by the annual assessment made thereon. No such lien is fixed upon personal property in that manner, but the inference is clear that personal property belonging to any delinquent taxpayer shall have a lien fixed thereon to secure the payment of taxes and penalties due by such delinquent taxpayer by seizure and sale in a manner provided by law. ..."

While this case states the general rule, it recognizes an exception which we think clearly exists under the facts submitted by you. It is thus expressed: "Save in the special case described in Article 7627, R.S., 1911." Article 7627, R.S. 1911, referred to in the opinion is now Art. 7269, V.C.S., and is the statute upon which the State and County must rely, and not Article 7268 set out in the Statement of Facts.

Article 7269 is as follows:

"In all cases where a taxpayer makes an assignment of his property for the payment of his debts, or where his property is levied upon by creditors, by writs of attachments or otherwise, or where the estate of a decedent is or becomes insolvent, and the taxes assessed against such person

> or property, or against any of his estate remain un-
> paid in part or in whole, the amount of such unpaid
> taxes shall be a first lien upon all such property;
> provided, that when taxes are due by an estate of a
> deceased person, the lien herein provided for shall
> be subject to the allowances to widows and minors,
> funeral expenses, and expenses of last sickness.
> Such unpaid taxes shall be paid by the assignee, when
> said property has been seized by the sheriff, out of
> the proceeds of sale in case such property has been
> seized under attachment or other writ, and by the
> administrator or other legal representative of dece-
> dents; and, if said taxes shall not be paid, all said
> property may be levied on by the tax collector and
> sold for such taxes in whomsoever's hands it may
> be found."

That this statute is an exception to the general rule that a lien does not exist for the enforcement of the collection of taxes against personal property until seized for sale by the taxing authority is also stated in 40 Texas Jurisprudence 206 in the following language:

> "On the other hand, a tax lien on personal prop-
> erty does exist in certain specified cases, namely,
> 'where a tax payer makes an assignment of his
> property for the payment of his debts, or where
> his property is levied upon by creditors, by writs
> of attachments or otherwise, or where the estate
> of a decedent is or becomes insolvent.'"

It seems quite clear to us that the case presented by you in connection with the Statement of Facts falls squarely within the terms of this statute. Leaving out the portion of the statute not applicable to the facts here, we have the following:

> "In all cases . . . where his (the taxpayer)
> property is levied upon by creditors by writs of
> attachment or otherwise . . . and the taxes against
> such person or property . . . remains unpaid in
> part or in whole, the amount of such unpaid taxes
> shall be a first lien upon all such property.. . .
> Such unpaid taxes shall be paid . . . when said
> property has been seized by the sheriff, out of
> the proceeds of sale in case such property has
> been seized under attachment or other writ . . .
> and if said taxes shall not be paid, all such prop-
> erty may be levied on by the tax collector and
> sold for such taxes in whomsoever's hands it
> may be found." (Parentheses and emphasis sup-
> plied by writer.)

**158**

That a writ of execution would come under the term "otherwise" and "other writ" as used in the statute and that seizure by the Marshal is equivalent to seizure by the sheriff, we have no doubt.

We should not confuse the question here considered with the immunity which the Reconstruction Finance Corporation enjoys under the terms of the R.F.C. Act from taxes upon its personal property, as that question is not here involved. The personal property thus acquired by the Reconstruction Finance Corporation is exempt from ad valorem taxes by the State and governmental and political subdivisions thereof arising after such acquisition, but this immunity does not extend to situations arising under the terms of Art. 7269, V.C.S. We think the rule announced in the case of Reconstruction Finance Corporation v. J. G. Monahan Corporation, 312 U.S. 81, 61 Sup. Ct. 485, 85 L.Ed. 595, is pertinent here. Mr. Chief Justice Hughes, speaking for the Supreme Court with respect to the R.F.C., said that

> "While it acts as a governmental agency in performing its functions (see Pittman v. Home Owners Loan Corp., 308 U.S. 21, 3233, 60 S.Ct. 15, 1718, 84 L.Ed. 11, 124 A.L.R. 1253), still its transactions are akin to those of private enterprises; and the mere fact that it is an agency of the Government does not extend to it the immunity of the sovereign. . . .

> "It was with a similar approach that we decided in Federal Housing Administration v. Burr, 309 US 242, 84 L. ed. 724, 60 S.Ct. 488, that the Federal Housing Administration was subject to be garnished under state law for moneys due to an employee. There, the Administrator under the National Housing Act was authorized 'to sue and be sued in any court of competent jurisdiction, State or Federal.' ⌐August 23, 1935⌐ 49 Stat. at L. 684, 722, chap. 614, 1Z USCA § 1702. Starting from the premise indicated in the Keifer Case that waivers by Congress of governmental immunity from suit should be liberally construed in the case of federal instrumentalities—that being in line with the current disfavor of the doctrine of governmental immunity—we concluded that in the absence of a contrary showing 'it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to "sue and be sued" that agency is not less amenable to judicial process than a private enterprise under like circumstances would be.' Following that reasoning, the

precise point of the decision was that the words
'sue and be sued' normally embrace all civil process incident to the commencement or continuance
of legal proceedings and hence embraced garnishment
as part of that process. . . .

". . . We apply the farther principle that the words
'sue and be sued' normally include the natural and appropriate incidents of legal proceedings. . . ."

In that case the R.F.C. was held to be subject to costs
and other impositions in equity, like any private litigant, in a
suit which it prosecutes. We see no reason why the provisions
of Article 7269 would not apply to R.F.C. when it pursues its
remedy in court to collect its debt and to enforce its security
for the payment thereof, as it would against any private corporation. The scope of Article 7269 has been defined by our
Courts in the case of State v. Mauritz-Wells Co., 170 S.W.(2d)
625 (Civ.App.) in the following language:

". . . It merely operates to prevent property
which already stands liable for the payment of specific taxes from ceasing to be liable, merely because
it is assigned, attached or levied upon. . . ."

Associate Justice Sharp of the Supreme Court in affirming this case, 141 Tex. 634, 175 S.W.(2d) 238, said:

". . . Article 7269 does not purport to provide
for a priority for taxes. It merely creates a lien
upon the happening of specified events."

The personal property upon which the R.F.C. caused
its execution to be levied was subject to seizure for the payment of the taxes here involved, and under Article 7269 and
the authority of the cases last cited it did not cease to be when
levied upon by the creditor, R.F.C.

We must, therefore, conclude from the facts submitted
by you, that the Reconstruction Finance Corporation holds the
personal property subject to the taxes here involved and that the
State and County have a lien against said property by virtue of
the terms of Article 7269, supra. The statute directs that the
sheriff, in this case the Marshal, should pay the taxes out of
the proceeds of the sale; but since the creditor, Reconstruction
Finance Corporation, became the purchaser at the foreclosure
sale, it should have paid the taxes in order to relieve the property thus acquired of the lien arising under the foregoing statute. The statute clearly provides, "And, if said taxes shall not

be paid, all of said property may be levied on by the tax collector and sold for such taxes in whomsoever's hands it may be found."

## SUMMARY

A lien is fixed upon personal property sold under execution by a creditor under Art. 7269, V.C.S., and such creditor takes such property so sold subject to the lien for all taxes delinquent or owing at the time of such foreclosure sale; and the sheriff is directed to pay the taxes from the proceeds of the sale. If the creditor becomes the purchaser and credits his bid against the debt owing by the debtor, the creditor should pay the taxes to relieve the property of the lien created by the levy of the writ of extension as provided by statute. Art. 7269, V.C.S.; Cassidy Southwestern Commission Co. v. Duval County, 3 S.W.(2d) 416; Reconstruction Finance Corporation v. J. G. Monahan Corp., 312 U.S. 81, 61 Sup. Ct. 485, 85 L.Ed. 595; State v. Mauritz-Wells Co., 170 S.W.(2d) 625 (Ct.Civ.App.).

Yours very truly

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By

*L. P. Lollar*

L. P. Lollar
Assistant

LPL/JCP