**REPUBLIC OF FRANCE and Compagnie Generale Transatlantique, Appellants,**

v.

**UNITED STATES of America et al., Appellees.**

No. 18064.

United States Court of Appeals
Fifth Circuit.

Aug. 24, 1962.

Edwin Longcope, New York City, Clarence S. Eastham, Houston, Tex., for appellants.

John R. Greene, Asst. U. S. Atty., Houston, Tex., Samuel D. Slade, Carl C. Davis, Alan S. Rosenthal, Edward A. Groobert, Dept. of Justice, Washington, D. C., Preston Shirley, Galveston, Tex., for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON, RIVES, CAMERON and JONES, Circuit Judges.

PER CURIAM.

In entering the judgment in this case pursuant to the opinion reported at 5 Cir., 290 F.2d 395, certiorari denied 369 U.S. 804, 82 S.Ct. 644, 7 L.Ed.2d 550, no express provision was made as to costs. The petitioners-appellants, Republic of France and Compagnie Generale Transatlantique, present their bill of costs, the correctness of which is not questioned, as follows:

"1. Clerk's docketing fee $ 25.00
"2. Clerk's charges for print-
 ing record on appeal 9,024.25

"3. Printing brief on appeal $ 75.00
"4. Proctor's fee on appeal 100.00
"5. Transcript of oral argu-
 ment on appeal 261.30
 ———————
 $9,485.55"

Petitioners-appellants concede that costs are not taxable against the United States, but, under New Orleans Coal & Bisso Towboat Co. v. United States, 5 Cir., 1937, 89 F.2d 967, move for an order allowing recovery to them of one half of the costs aforesaid from the claimant-appellee, Texas City Terminal Railway Company.

Texas City Terminal, on its part, "has no quarrel with the total amount of costs listed by appellants in their motion," "does not here contest the ruling in New Orleans Coal & Bisso Towboat Co. v. United States, et al.," and "recognizes that it is responsible for some of the costs in this Court." It states its position as follows:

"(1) Reconstruction Finance Corporation, as a separate corporate entity, filed its claim contesting the limitation proceedings and continued to do so (R. 114, 119 and 188). Under the authority of R. F. C. v. [J. G.] Menihan, 312 U.S. 81 [61 S.Ct. 485, 85 L.Ed. 595], it should bear its proper proportion of the costs.

"(2) As a prerequisite for assessing costs, Appellants must show who were and who were not Appellees and under the record in this case, it appears that there may be numerous Appellees who under the prior rulings of this Court would also share in the cost assessment."

Position (2) may be quickly disposed of by noting that the only appellee other than the United States was the Texas City Terminal Railway Company. As said in our original opinion:

"The claims of all persons who made assignments to the United States were dismissed on January 27, 1958. Many persons who had not made assignments to the United States thereafter voluntarily withdrew their claims. The only remaining claimant, other than the United States, is the Texas City Railway Terminal Co. That Company did not file under the Texas City Relief Act because it was not willing to assign an uninsured loss of nearly five million dollars for the $25,000.00 maximum allowed under the Relief Act. In addition to its assigned claims, the United States filed a claim in the amount of $350,000, as successor to the Reconstruction Finance Corporation, for the loss of goods in a warehouse awaiting loading on another vessel."

Republic of France v. United States, 5 Cir., 1961, 290 F.2d 395, 396.

Thus, as the issue remains, the petitioners-appellants contend that Texas City Terminal should be assessed one half of the taxable costs. Texas City Terminal, on the other hand, relying upon R. F. C. v. J. G. Menihan, supra, insists that the United States as successor to R. F. C. should bear one third of the costs.

The United States, on its part, points out:

"In R. F. C. v. [J. G.] Menihan, 312 U.S. 81 [61 S.Ct. 485, 85 L.Ed. 595] (1940), the R. F. C., which was then in active operation, brought in its own name and in its corporate capacity an unsuccessful suit for trade-mark infringement, and the question arose as to whether it was subject to costs. The Court considered the question by reference to the essential nature of the Government corporation and also the intent of Congress with respect to the taxation of costs. The Court pointed out that the R. F. C., like any other corporate entity, had the power to sue and be sued in its corporate capacity. Accordingly, the Court reasoned that there was nothing in the statute suggesting any intention of Congress that in suing and being sued the R. F. C. should not be subject to the ordinary incident of

unsuccessful litigants in being liable for the costs which might properly be awarded against a private party in a similar case.

· "However, the Congressional intent that the Supreme Court failed to find in the original Reconstruction Finance Corporation Act, namely that R. F. C. should not be liable for costs, was supplied in the amendment to the Reconstruction Finance Corporation Act (15 U.S.C. 601 et seq.) by the Act of May 25, 1948, Chapter 334, 62 Stat. 261, in which section 3(a) had the following language inserted, 'The corporation shall be entitled to and granted the same immunities and exemptions from the payment of costs, charges and fees as are granted to the United States pursuant to the provisions of law, codified 543, 548, 555, 557, 578 and 578(a) of Title 28 United States Code, 1940 Edition.' "

 Of the cited sections, Section 543 dealt with costs in the then Circuit Court of Appeals. Immunity was granted to the R. F. C. from such costs. True, a month later, on June 25, 1948, the new Judicial Code was adopted, Act of June 25, 1948, Chapter 646, 62 Stat. 868, and by that Act, Section 543 and certain other sections referred to in the R. F. C. Act of May 25, 1948, were repealed. The immunity of the United States was more comprehensively stated in Section 2412 (a) of the new Judicial Code, as follows: "(a) The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress." 28 U.S.C.A. § 2412(a). There is thus no indication that Congress intended by the repeal of Section 543 to destroy the immunity granted to the R. F. C. by the Act of May 25, 1948. It results that no costs can be assessed against the United States as successor to the R. F. C. One half of the taxable costs as hereinabove listed are therefore taxed against Texas City Terminal Rail-

way Company, the other one half of such costs to be not taxed at all. The judgment herein will be amended accordingly.