**EXCHANGE NATIONAL BANK as Trustee under Trust No. 30360, Plaintiff,**

v.

**DANIEL HALE WILLIAMS UNIVERSITY, Defendant,**

**and**

**United States Department of Health, Education and Welfare, Garnishee.**

**No. 78 C 4342.**

United States District Court, N. D. Illinois, E. D.

July 5, 1979.

Rufus L. Cook, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant.

MEMORANDUM

LEIGHTON, District Judge.

■ On October 4, 1978, plaintiff, Exchange National Bank, commenced this garnishment action against the United States Department of Health, Education and Welfare ("HEW") in the Circuit Court of Cook County, Illinois. Plaintiff sought to satisfy a judgment entered on June 15, 1978 in its favor against judgment debtor, Daniel Hale Williams University for $111,360.13. It served on HEW on a non-wage garnishment summons, affidavit and interrogatories. HEW removed the action to this court under 28 U.S.C. §§ 1442(a)(1) and 1446. The cause is now before the · court on HEW's motion to dismiss the garnishment under Rule 12(b)(6), Fed.R.Civ.P., on the ground that sovereign immunity precludes relief.[1] For the following reasons, the motion is granted.

■ The United States cannot be sued without its consent. *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 688–89, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). This principle extends to unincorporated departments and agencies of the United States. *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); 1 Moore's Federal Practice ¶ 0.65[2.–1] (2d ed. 1978); *e. g., Hall v. Department of Health, Education and Welfare*, 199 F.Supp. 833, 834 (S.D. Tex.1960). A federal agency cannot be sued *eo nomine* in the absence of congressional authorization necessary to constitute consent to be sued; and

When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity. *Blackmar v. Guerre*, 342 U.S. at 515, 72 S.Ct. at 412.

Numerous governmental agencies have been held subject to garnishment or other suits, but only where explicit or implicit statutory authorization has been found. *See* 3A Moore's Federal Practice ¶ 17.23, at 238–39; 7 *Id.* ¶ 64.07[3] (2d ed. 1978).

■ The guidelines for determining whether Congress has waived sovereign immunity as to a particular agency were developed in the trilogy of Supreme Court opinions in *Keifer & Keifer v. R. F. C.*, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939); *F. H. A. v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), and *R. F. C. v. Menihan Corp.*, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941); *see also Standard Oil Div., American Oil Co. v. Starks*, 528 F.2d 201 (7th Cir. 1975). In *Keifer & Keifer*, 306 U.S. at 388, 59 S.Ct. at 517, the Court established that "the government does not become the conduit of its immunity in suits against its agents or instrumentalities merely because they do its work." In *F. H. A. v. Burr*, 309 U.S. at 245, 60 S.Ct. at 490, the Court stated that, in the absence of a contrary showing, "[I]t must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue and be sued,' that agency is not less amenable to judicial process than a private enterprise under the circumstances would be." And in *Menihan Corp.*, 312 U.S. at 85, 61 S.Ct. at 487, the Court announced, "We apply the farther [sic] principle that the words 'sue and be sued' [in the statute creating the R.F.C.] normally include the natural and appropriate incidents of legal proceedings." *See also Buchanan v. Alexander*, 4 How. (U.S.) 20, 11 L.Ed. 857 (1846); Scott, *The Government as a Garnishee*, 16 Ind.L.J. 545 (1941).

Applying these principles to this case, the Court finds no congressional waiver of sovereign immunity as to HEW. Unlike the governmental corporations involved in the *Keifer & Keifer, Burr*, and *Menihan Corp.* cases, HEW is an executive agency. 5 U.S.C. §§ 101, 105. The statute creating the agency does not include a general "sue and be sued" clause. *See* 42 U.S.C. § 3501, adopting Reorganization Plan No. 1 of 1953, eff. April 11, 1953, 18 F.R. 2053, 67 Stat. 631 as amended Pub.L. 88–426, Title III,

---

1. The court notes that removal of this action does not constitute a waiver of the defense of sovereign immunity. *Minnesota v. United States*, 305 U.S. 382, 388–89, 59 S.Ct. 292, 83 L.Ed. 235 (1939); 1 Moore's Federal Practice ¶ 0.157[3], at 46 (2d ed. 1978).

**658**

§ 305(44), Aug. 14, 1964, 78 Stat. 428; Pub.L. 89–115, § 4(b), Aug. 9, 1965, 79 Stat. 449. And, unlike those governmental corporations, HEW has not been "launched into the commercial world". *F. H. A. v. Burr*, 309 U.S. at 245, 60 S.Ct. 488. Moreover, the statutes prescribing the limited circumstances under which the agency may be brought into court for the garnishment of its employees' wages suggests that a broader waiver of immunity should not be read into the remainder of the statutory framework. *See* 42 U.S.S. §§ 651–60.

For these reasons, the court finds that it lacks jurisdiction over the garnishor's claim against HEW, and defendant's motion to dismiss is granted. *See* 6 Moore's Federal Practice ¶ 56.26[3] (2d ed. 1976). This suit is dismissed.

So ordered.