716

## SOMERVILLE DRESSED MEAT CO. v. RE-CONSTRUCTION FINANCE CORPORATION.

### No. 335.

United States Emergency Court of Appeals.

Heard at Boston Jan. 13, 1947.

Decided Feb. 5, 1947.

Joseph Kruger, of Boston, Mass. (Martin Ritvo, of Cambridge, Mass., and Widett & Kruger, of Boston, Mass., on the brief), for complainant.

John C. Erickson, of Washington, D. C. (John D. Goodloe, George B. Stoner, and James L. Dougherty, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

MAGRUDER, Judge.

This complaint challenges the validity of a provision of Amendment No. 2 (9 F.R. 1820) to Regulation No. 3 (8 F.R. 10826) issued by the Defense Supplies Corporation, under which provision respondent has ruled that Somerville Dressed Meat Company, complainant, was ineligible, during the period November 1, 1943, to January 17, 1944, to receive the special subsidy of 80¢ per cwt. payable to nonprocessing slaughterers of cattle.[1]

Amendment No. 2 established a special subsidy to non-processing slaughterers pursuant to a Directive of the Economic Stabilization Director issued October 25, 1943 (8 F.R. 14641), and attached certain conditions to the payment of such subsidy. To be eligible for the special subsidy, a non-processing slaughterer, as defined, must be an "unaffiliated slaughterer," that is, it must not "own or control," or be "owned or controlled by," a "processor or purveyor of meat." The phrase "own or control" is defined as meaning "to own or control directly or indirectly a partnership equity or in excess of ten percent of any class of outstanding stock or have made loans or advances in excess of five per cent of the other person's monthly sales."

Somerville Dressed Meat Company, a Massachusetts corporation, was organized in April, 1941. It then issued 300 shares of common stock without par value and 200 shares of non-voting preferred stock. From the outset, and at all times thereafter, one Frank Brezniak has held 100 shares of the common stock and 150 shares of the preferred. In July, 1943, Brezniak together with one Henry A. Waddell, opened a retail meat stand in Faneuil Hall market, in Boston, Mass., as co-partners, under the name of H. A. Waddell Company.

By letter to complainant dated January 17, 1944, Defense Supplies Corporation ruled that, under the affiliation provisions of Amendment No. 2 to the subsidy regulation, complainant was ineligible to receive the special subsidy for the reason that Brezniak, a partner in H. A. Waddell Company, retail meat dealers, was a "purveyor of meat" owning in excess of 10 per cent of

---

[1] Defense Supplies Corporation, a wholly owned subsidiary of Reconstruction Finance Corporation (6. F.R. 2972), was dissolved, and its functions transferred to Reconstruction Finance Corporation, by Public Law 109, 79th Cong., 1st Sess., approved June 30, 1945, 59 Stat. 310, 15 U.S.C.A. § 606b note.

the outstanding capital stock of complainant.

On December 13, 1945, complainant filed with the Reconstruction Finance Corporation its protest against the validity of Amendment No. 2 and also against the ruling of the Defense Supplies Corporation in its letter of January 17, 1944.

Reconstruction Finance Corporation, by letter dated April 12, 1946, denied the protest; and thereafter Somerville Dressed Meat Company duly filed its complaint in this court. In its answer to the complaint, respondent "admits that except for the part ownership by Frank Brezniak of Complainant and H. A. Waddell Co., that Complainant is a wholly independent business entity not otherwise affiliated or integrated with or deriving financial benefit from H. A. Waddell Co."

■ The affiliation provisions of the subsidy regulation here under attack were upheld by us after full and careful consideration, in Earl C. Gibbs, Inc., v. Defense Supplies Corp., Em.App.1946, 155 F.2d 525, certiorari denied 67 S.Ct. 51; Atlantic Meat Co., Inc., v. Reconstruction Finance Corp., Em.App.1946, 155 F.2d 533, certiorari denied 67 S.Ct. 52; Illinois Packing Co. v. Henderson, Em.App.1946, 156 F.2d 1000, certiorari denied 67 S.Ct. 202. Complainant asks us to reconsider and overrule these cases; but we think they were rightly decided, and we adhere to the rulings therein made. They are controlling here.

■ Complainant makes a subordinate contention that, even assuming the validity of the affiliation provisions of the subsidy regulation, the determination by Defense Supplies Corporation of complainant's ineligibility for the special subsidy, as contained in its letter of January 17, 1944, was erroneous as being not within the disqualifying language of the subsidy regulation. The argument is that the "purveyor of meat" in this case is the business entity H. A. Waddell Company, a partnership; and that this partnership entity does not "own or control" any of the stock in the complainant corporation, the non-processing slaughterer. Thus, complainant seeks to distinguish Illinois Packing Co. v. Hender-

son, supra, where the disqualifying percentage of stock in the non-processing slaughterer was owned by the partnership of Pfaelzer Brothers, a processor or purveyor of meat. We think this suggested distinction is founded upon too narrow a reading of the affiliation provisions of the subsidy regulation. For some purposes of the law of partnership, legal consequences follow as though the partnership were recognized as a separate legal entity. But bearing in mind the purpose of the affiliation provisions of the subsidy regulation, we think that each of the two partners in H. A. Waddell Company must be regarded as a "purveyor of meat" within the meaning of the regulation. Hence, under the regulation, complainant is ineligible to receive the special subsidy, because one of such partners, Brezniak, a "purveyor of meat," owned, during the period in question, considerably more than 10 per cent of the outstanding stock of complainant.

A judgment will be entered dismissing the complaint.