## MALONEY PACKING CO. v. RECONSTRUCTION FINANCE CORPORATION.

### No. 334.

United States Emergency Court of Appeals.

Heard at Boston Jan. 13, 1947.
Decided Feb. 5, 1947.

As Amended March 10, 1947.

Joseph Kruger, of Boston, Mass. (Martin Ritvo, of Cambridge, Mass., and Widett & Kruger, of Boston, Mass., on the brief), for complainant.

John C. Erickson, of Washington, D. C., (John D. Goodloe, George B. Stoner, and James L. Dougherty, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

MAGRUDER, Judge.

Maloney Packing Company, complainant, challenges the validity of a provision of Amendment No. 2 (9 F.R. 1820) to Regulation No. 3 (8 F.R. 10826) issued by the Defense Supplies Corporation, under which provision respondent has ruled that complainant was ineligible, during the period November 1, 1943, to March 4, 1944, to receive the special subsidy of 80¢ per cwt. payable to non-processing slaughterers of cattle.[1]

Amendment No. 2 established a special subsidy to non-processing slaughterers pursuant to a Directive of the Economic Stabilization Director issued October 25, 1943 (8 F.R. 14641), and attached certain conditions to the payment of such subsidy. To be eligible for the special subsidy, a non-processing slaughterer, as defined, must be an "unaffiliated slaughterer," that is, it must not "own or control," or be "owned or controlled by," a "processor or purveyor of meat." The phrase "own or control" is defined as meaning "to own or control directly or indirectly a partnership equity or in excess of ten percent of any class of outstanding stock or to have made loans or advances in excess of five percent of the other person's monthly sales."[2]

■ Maloney Packing Company is a Massachusetts corporation which was organized in 1936. Its business is the slaughter of livestock. Since April, 1943, all its

---

[1] Defense Supplies Corporation, a wholly owned subsidiary of Reconstruction Finance Corporation (6 F.R. 2972), was dissolved, and its functions transferred to Reconstruction Finance Corporation, by Public Law 109, 79th Cong., 1st Sess., approved June 30, 1945, 59 Stat. 310, 15 U.S.C.A. § 606b note.

[2] "Pursuant to a directive issued by the Office of Economic Stabilization on October 25, 1943 (8 F.R. 14641), Regulation No. 3 of Defense Supplies Corporation is hereby amended by adding a new § 7003.14, as follows:

"§ 7003.14 Extra compensation for non-processing slaughterers of beef—(a) Definitions. (1) 'Non-processing slaughterer of beef' means an unaffiliated slaughterer as hereinafter defined who

during six consecutive months of 1942, sold, and who currently sells, 98% or more, measured in dressed carcass weight, of the total beef produced from cattle slaughtered by him in all his establishments, in the form of carcasses, wholesale cuts, boneless beef or ground beef.

"(2) 'Unaffiliated slaughterer' means a slaughterer who does not own or control a processor or purveyor of meat, and who is not owned or controlled by a processor or purveyor of meat. 'Unaffiliated slaughterer' shall not include any institution, representative or agency of Federal, State or local governments.

"(3) 'Processor or purveyor of meat' means a person who processes fresh beef or sells or dispenses fresh or processed

outstanding corporate stock has been held by John E. Maloney. During the latter part of August, 1943, Mary L. Maloney, wife of John E. Maloney, in her own right acquired all the outstanding capital stock of Benson Bros. Corp., also incorporated in Massachusetts. Benson Bros. Corp. is a hotel supply house, engaged in the business of fabricating primal cuts of beef for sale to purveyors of meat; it is, therefore, a "processor of meat" within the meaning of the subsidy regulation. Atlantic Meat Co., Inc., v. Reconstruction Finance Corp., Em. App.1946, 155 F.2d 533, certiorari denied 67 S.Ct. 52.

On March 4, 1944, Defense Supplies Corporation ruled that Maloney Packing Company was not eligible to receive the special subsidy during the period in question because Maloney Packing Company, otherwise qualifying as a non-processing slaughterer, was, within the meaning of the regulation, affiliated with Benson Bros. Corp., a processor of meat.[3]

On December 5, 1945, Maloney Packing Company filed its protest with the Reconstruction Finance Corporation. The protest attacked the validity of the affiliation provisions of the subsidy regulation, and alleged that the determination by Defense Supplies Corporation of complainant's ineligibility was erroneous for the reason that Maloney Packing Company, during the period in question, was an independent slaughterer of beef, in fact and in law unaffiliated with and not owning or controlling, or owned or controlled by, any processor or purveyor of meat. Accompanying the protest was an affidavit by John E. Maloney attesting to the truth of the facts alleged in the protest. The protest concluded with a request for oral argument and an oral hearing. This request was denied by respondent on January 3, 1946, but at the same time respondent offered complainant an opportunity to submit further documentary evidence or briefs in support of the protest. Thereafter complainant moved to amend its protest in certain particulars which need not be recited, which motion was granted; but no further documentary evidence was offered by complainant.

On April 12, 1946, respondent wrote a letter to complainant informing it in effect that the protest was denied. After stating that "the subsidy regulation complained of is in all respects valid," the letter concluded with the following:

"That during the period November 1, 1943 to and including March 4, 1944, John E. Maloney was president of and owned all of the corporate stock of Maloney Packing Company; that during said period Mary L. Maloney, wife of John E. Maloney owned all of the capital stock of Benson Bros. Corp., a hotel supply house; and that such stock ownership by John E. and Mary L. Maloney constitutes, under said subsidy regulation, an affiliation between the subsidy applicant, Maloney Packing Company, and Benson Bros. Corp., a processor or purveyor of meat, disqualifying Maloney Packing Company from eligibility to receive extra compensation during said period."

Being aggrieved by the denial of its protest, Maloney Packing Company duly filed its complaint in this court. In respondent's answer thereto, it is admitted "that, except for the ownership by John E. Maloney and Mary L. Maloney, respectively, of the stock of Complainant and Benson Bros. Corp., Complainant is a wholly independent business entity not otherwise affiliated or integrated with or deriving financial benefit from Benson Bros. Corp."

The validity of the affiliation provisions of the subsidy regulation, here under attack, has been settled by our decisions in Earl C. Gibbs, Inc., v. Defense Supplies

---

meat or products containing meat, at wholesale or at retail, or in a hotel, restaurant or other eating establishment.

"(4) 'Own or control' means to own or control directly or indirectly a partnership equity or in excess of ten percent of any class of outstanding stock or to have made loans or advances in excess of five percent of the other person's monthly sales. * * *"

[3] Mary L. Maloney continued to hold the stock of Benson Bros. Corp. until March 24, 1944, on which day she sold the same to a third person. Upon such divestment, Defense Supplies Corporation ruled that Maloney Packing Company was no longer ineligible to receive the special subsidy.

720

Corp., Em.App. 1946, 155 F.2d 525, certiorari denied 67 S.Ct. 51; Atlantic Meat Co., Inc., v. Reconstruction Finance Corp., Em.App. 1946, 155 F.2d 533 certiorari denied 67 S.Ct. 52; Illinois Packing Co. v. Henderson, Em.App. 1946, 156 F.2d 1000, certiorari denied 67 S.Ct. 202. To the same effect, see Somerville Dressed Meat Co. v. Reconstruction Finance Corp., Em.App., 159 F.2d 716.

■ However, the ruling of Defense Supplies Corporation, adhered to by its successor, the present respondent, to the effect that, under the affiliation provisions of the regulation, Maloney Packing Company was ineligible to receive the special subsidy, was not warranted by the language of the regulation as applied to the facts appearing in the present record. If Defense Supplies Corporation had written into the subsidy regulation that a non-processing slaughterer is deemed to be affiliated with a processor or purveyor of meat, and thus ineligible to receive the special subsidy, where one is owned or controlled by a husband and the other by his wife, such a provision might well be deemed a reasonable and appropriate one for carrying into execution the general policy laid down in the Directive of October 25, 1943. Cf. Earl C. Gibbs, Inc., v. Defense Supplies Corp., supra. But the regulation contains no such flat disqualification. To reach the conclusion that Maloney Packing Company (through its president and sole stockholder) indirectly controlled the stock of Benson Bros. Corp., it would have to be found as a fact that John E. Maloney controlled his wife, and thereby, through her stock ownership, controlled Benson Bros. Corp. Such control is not conclusively presumed as a matter of general law; and the regulation does not itself establish any such presumption. The situation is, therefore, different from that presented in the Gibbs case, supra, where, under the express language of the subsidy regulation, a non-processing slaughterer was deemed to be under the control of a processor of meat because it was indebted to the processor in an amount in excess of 5 per cent of its monthly sales.

The point may be tested by a small variation of the facts. If John E. Maloney had been the sole proprietor of a slaughtering business, and his wife (or other relative) had been the sole proprietor of a hotel supply house, that fact alone quite obviously would not have rendered the slaughterer ineligible for the special subsidy, under the language of the regulation. The result could hardly be different because the two individual proprietors chose to incorporate their respective businesses.

A judgment will be entered setting aside respondent's order of April 12, 1946, denying the protest, and remanding the case to the Reconstruction Finance Corporation for further proceedings not inconsistent with this opinion.