**UNITED STATES v. SHOFNER IRON & STEEL WORKS.**

No. 11671.

Circuit Court of Appeals, Ninth Circuit.

May 17, 1948.

A. Devitt Vanech, Asst. Atty. Gen., and Roger P. Marquis, Wilma C. Martin and Thos. L. McKevitt, Attys., Dept. of Justice, all of Washington, D.C., and Henry L. Hess, U.S. Atty., of Portland, Ore., for appellant.

MacCormac Snow and Albert M. Hodler, both of Portland, Ore., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

## PER CURIAM.

The United States, appellant here, sued to recover possession of a parcel of real property located in Oregon. The facts pleaded in its complaint may be summarized thus: In 1942 Defense Plant Corporation leased the property in suit to appellee, herein referred to as Shofner. On July 1, 1945, Defense Plant Corporation was dissolved and its functions and assets were transferred to Reconstruction Finance Corporation pursuant to the Joint Resolution of June 30, 1945, 59 Stat. 310, 15 U.S.C.A. § 601 note. Reconstruction Finance terminated the lease in accordance with its terms, effective as of December 5, 1945, but consented to Shofner's remaining in possession until May 15, 1946. Subsequent to the latter date Shofner has continued in possession without right or authority. On May 24, 1946 Reconstruction Finance declared the premises and facilities surplus and transferred jurisdiction of the same to the War Assets Administration pursuant to the Surplus Property Act of October 3, 1944, 58 Stat. 765, 50 U.S.C.A. Appendix § 1611 et seq., as amended, and regulations thereunder. The present suit was instituted in the name of the United States on August 12, 1946, praying judgment against Shofner for possession of the property.[1]

Shofner moved for a dismissal on the ground that the complaint failed to state a claim on which relief could be had and that the United States was not the real party in interest. The trial court granted the motion and dismissed the cause on the ground that Reconstruction Finance Corporation and not the United States was the real party in interest. This appeal followed.

The dismissal was error. Under the circumstances disclosed in its complaint at any rate there can be no doubt that the United States was entitled to sue in its own name. Reconstruction Finance Corporation is a wholly-owned agency of the government. Having declared the property surplus to its needs and responsibilities, that corporation retains no more than the barren legal title for the use of the United States to be transferred wherever the latter may direct. The responsibility and authority for disposing of the property and for its care and handling pending disposal are by the terms of the Surplus Property Act vested in War Assets Administration, an executive arm of the government, and Congress could not but have intended that the Administration take possession of property declared surplus wherever it deemed that course necessary or expedient. Its functions could not be performed or its responsibilities discharged otherwise.

The order of dismissal is reversed and the cause remanded with instructions to proceed in conformity with this opinion.

---

[1] The complaint was subsequently amended in particulars unnecessary to state.