### TAMBASCO v. RECONSTRUCTION FINANCE CORPORATION.
#### No. 24, Docket 21366.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1949.

Decided Dec. 2, 1949.

James F. Carroll, Jr., of Saratoga Springs, N. Y. (Carroll, Amyot & Doling, of Saratoga Springs, N. Y., on the brief), for appellant.

George Arthur Fruit, Atty., Dept. of Justice, of Washington, D. C. (H. G. Morison, Asst. Atty. Gen., and Joseph M. Friedman, Sp. Asst. to the Atty. Gen., both of Washington, D. C., and Irving J. Higbee, U. S. Atty., of Syracuse, N. Y., on the brief), for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an action by a livestock slaughterer to recover subsidy payments he claims as due him for the months of September and October, 1946, and for a declaratory judgment and an injunction preventing defendant from invalidating payments for May and June, 1946, and attempting to recover them. Defendant has taken its position invalidating the subsidies on the ground that plaintiff had slaughtered in excess of his assigned quota and hence had forfeited his right to the subsidies. Plaintiff asserts that his quota was established on an historical use basis—as a percentage of the weight slaughtered by him in the like monthly period in 1944—under Control Order 2, 11 F.R. 4657, issued by the Price Administrator and that this order was invalid because of the provisions of the War

Mobilization and Reconversion Act **of** 1944, 50 U.S.C.A.Appendix, § 1651, setting production for non-war use which "shall not be made dependent upon the existence of a concern or the functioning of a concern in a given field of activity at a given time." Plaintiff based the jurisdiction of the district court, notwithstanding the well-known restrictions of attacks on the validity of price regulations to the Emergency Court of Appeals under § 204(d) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 924(d), on the amendment of 1944, adding § 2(m) to that act, 50 U.S.C.A.Appendix, § 902(m). The district court held, however, that this amendment did not give it jurisdiction of this action and dismissed the action. This appeal followed.

■■■ Section 2(m) gives the district court jurisdiction to grant relief to any person aggrieved by the imposition by any governmental agency of any unlawful conditions or penalties "in the payment of sums * * * relating to the production or sale of agricultural commodities." In order to determine whether or not the district court had jurisdiction over this action, we must initially decide whether the subsidies involved here related to the production or sale of "agricultural commodities."

It is settled by statute that livestock is an "agricultural commodity" within the meaning of the act, 50 U.S.C.A.Appendix, § 942(*l*); but it has been authoritatively determined that meat and meat products are not. Superior Packing Co. v. Clark, Em.App., 164 F.2d 343. And while the subsidy regulation here was couched in terms of livestock slaughter as a matter of industry convenience, the subsidy was really on meat. Wm. Schluderberg-T. J. Kurdle Co. v. R. F. C., Em.App., 169 F.2d 419, certiorari denied 335 U.S. 846, 69 S.Ct. 68. To stretch the meaning of "agricultural commodity" so as to include plaintiff's activities here would do violence to the legislative intent in writing the section. Atlantic Meat Co. v. R. F. C., 1 Cir., 166 F.2d 51. And even if meat were held to be an "agricultural commodity," it is doubtful if § 2(m) would support the present action, since it was an independent provision which had application in cases where the plaintiff felt aggrieved at administrative action taken under the terms of the act or under a valid regulation. It was not a grant of jurisdiction to determine the validity of a challenged regulation. Samett v. R. F. C., 10 Cir., 165 F.2d 605, certiorari denied 334 U.S. 812, 68 S.Ct. 1017, 92 L.Ed. 1743; Illinois Packing Co. v. R. F. C., 7 Cir., 156 F.2d 875.

■■■ There is another persuasive argument against a conclusion that the district court has jurisdiction in this action. Section 204(d) of the Emergency Price Control Act of 1942 gives the Emergency Court of Appeals exclusive jurisdiction to determine the validity of any regulation or order issued under § 2 of the act, and expressly withdraws any jurisdiction to consider the validity of such regulations or orders from all other federal and state courts. Even though Control Order No. 2, which is challenged here, may not initially have been issued under the Price Control Act, it was made pursuant to a directive of the Director of Economic Stabilization, Amendment 4 to Directive 41, 11 F.R. 4340, and an R. F. C. regulation, Livestock Slaughter Payments Regulation No. 3 Revised, § 7003.10(a)(4), both of which were issued under § 2 of the Price Control Act, 50 U.S.C.A.Appendix, § 902. And the Court of Emergency Appeals has said that "* * * in the case of a regulation issued under Section 2 orders issued under its authority are themselves orders under Section 2 of the Act and as such their validity is reviewable by protest under Section 203 and by complaint in this court under Section 204." Armour & Co. v. R. F. C., Em.App., 162 F.2d 918, 923.

We are unwilling to hold that § 2(m) repealed by implication any part of § 204 without a far more positive showing of Congressional intent than we have in this case. It is unnecessary to go into further detail in expounding that view because of the carefully reasoned and persuasive opinions of courts for whom we entertain great respect. Atlantic Meat Co. v. R. F. C., Samett v. R. F. C., Illinois Packing Co. v.

R. F. C., and Wm. Schluderberg-T. J. Kurdle Co. v. R. F. C., all supra. The contrary view has been well stated by the dissent in the Samett case and by the District Court in Swift & Co. v. R. F. C., D.C.N.D. Ill., 79 F.Supp. 546, decided before the decision of the Emergency Court of Appeals in the Schluderberg case, but reiterated thereafter in a supplemental opinion, D.C., 81 F.Supp. 629, now on appeal. We think the majority view the preferable interpretation.

 It is to be noticed further that the administrative protests required by § 203 of the Emergency Price Control Act, 50 U.S. C.A.Appendix, § 923, were not shown or claimed to have been made. Both under the terms of the act and under the well-settled rule that he has failed to exhaust his administrative remedies, the plaintiff must be held without this remedy in the court below.

Affirmed.