**UNITED STATES of America,**
**Plaintiff,**

v.

**UTICA MEAT COMPANY, Inc.,**
**Defendant.**

**Civ. No. 5142.**

United States District Court
N. D. New York.

Oct. 31, 1955.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for plaintiff. George W. Seager, Asst. U. S. Atty., Phelps, N. Y., of counsel.

Abelove & Myers, Utica, N. Y., for defendant. Milton A. Abelove, Utica, N. Y., of counsel.

FOLEY, District Judge.

Both sides move for summary judgment. In the affidavit of an attorney for the defendant attached to the motion papers it is stated that there is no genuine issue as to any material fact. The agreement of the parties as to the lack of factual issues allows summary disposition as a matter of law.

The action is to recover meat subsidy payments made by the Reconstruction Finance Corporation to the defendant under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. The complaint is filed under the provisions of Section 1345, Title 28 U.S.C. By orders dated December 23, 1946, and September 19, 1947, the Reconstruction Finance Corporation invalidated certain claims that had previously been paid to the defendant under the program, and the United States by its complaint herein seeks to recapture such moneys in the claimed amount of $5,928.-56. A good review of the background, purpose and function of the Emergency Price Control Act, citing previous authorities with similar discussions, is contained in William Schluderberg-T. J. Kurdle Co. v. Reconstruction Finance Corporation, Em.App.1948, 169 F.2d 420, certiorari denied 335 U.S. 846, 69 S.Ct. 68, 93 L.Ed. 396.

However, there is no need to discuss the import of such decisions here because the defendant confines its contentions to two simple questions. First, that the plaintiff, United States of Amer-

ica, is not the real party in interest and is unable to maintain this action because the Reconstruction Finance Corporation being authorized by statute to sue and be sued is the proper and real party in interest. Secondly, that the six-year Statute of Limitations of the State of New York should be applied and the action barred for that reason.

 Both contentions of the defendant have been answered adverse to its position by the bulk of settled authority. One of the cases relied upon by the defendant, United States v. Shofner Iron & Steel Works, D.C., 71 F.Supp. 161, was reversed by the Court of Appeals, Ninth Circuit, in 168 F.2d 286, 287, with the significant statements on the problem of real party in interest:

"The dismissal was error. Under the circumstances disclosed in its complaint at any rate there can be no doubt that the United States was entitled to sue in its own name. Reconstruction Finance Corporation is a wholly-owned agency of the government."

Other decisive authorities on the right of the United States to maintain such actions where government moneys have been paid out by government agencies are: Cherry Cotton Mills, Inc., v. United States, 327 U.S. 536, 539–540, 66 S. Ct. 729, 90 L.Ed. 835; United States v. Borin, 5 Cir., 209 F.2d 145; United States v. New York Dock Co., D.C.S.D. N.Y., 100 F.Supp. 303, 305. In a recent case, United States v. Bass, 8 Cir., 1954, 215 F.2d 9, with a similar background of facts as in this action, the right of the United States as party plaintiff and real party in interest was not challenged.

The contention as to the state Statute of Limitations intervening is also settled by judicial authority. In United States v. New York Dock Company, supra, 100 F.Supp. at pages 308–310, Judge Leibell distinguishes R. F. C. v. J. G. Menihan Corporation, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595, and disagrees with R. F. C. v. Foster Wheeler Corporation, D.C., 70 F.Supp. 420, both relied upon by the defendant. I am in complete

accord with his reasoning. Also well in point on the application of a state Statute of Limitations in governmental suits are: Taylor & Richards v. R. F. C., Em. App., 193 F.2d 877; United States v. Borin, supra, 209 F.2d at page 149; United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; R. F. C. v. McCarthy Brothers, D.C., 117 F. Supp. 345, 346.

It is my conclusion that the plaintiff is entitled to summary judgment as a matter of law. Such judgment may enter for the plaintiff for the amount demanded in the complaint and dismissing the counterclaim of the defendant corporation.