**UNITED STATES of America**
**v.**
**WILLOW BROOK PACKING CO., Inc.**
**Civ. A. No. 18452.**

United States District Court
E. D. Pennsylvania.
April 25, 1956.

W. Wilson White, U. S. Atty., G. Clinton Fogwell, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert C. Duffy, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

By its "claim receivable form", dated December 30, 1947, the Reconstruction Finance Corporation invalidated the defendant's claims for livestock slaughter subsidies paid it pursuant to Section 2(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 902 (e), and set up a claim receivable in the amount of $112,099.80, the action being based upon a field check of the defendant's records which check disclosed an almost total failure to comply with the regulations of the R.F.C. relating to the keeping of records for government inspection.

At approximately the same time, the R.F.C. advised the defendant by letter that it (the defendant) had the alternative of either paying the amount of the claim receivable or having an independent audit made, in order to see whether there was anything which could support its claims for subsidies. The letter said, in effect, that the independent audit would be of no avail to the defendant "unless the claims are supported by acceptable evidence of their accuracy, and we are satisfied that the original claims submitted were filed in good faith."

Taking advantage of the alternative offered, the defendant had an independent audit made with the result that from time to time beginning in February 1949 the R.F.C. sent a series of four claim receivable forms, each of which reduced the claim receivable by varying amounts, in accordance with findings of the audit. The last claim receivable form was dated December 13, 1949, and showed a balance of $57,610.67 due from the defendant. Each of the forms referred to showed the balance then due as a claim receivable and stated, in substance, that the defendant would have to pay the balance.

This action is for the recovery of the balance of the claim receivable as stated in the claim receivable form of December 13, 1949.

The defendant's entire case depends upon its position that the claim receivable form of December 13, 1949, was not a final order. It is compelled to take this position because under Sections 203(a) and 204(a) of the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A. Appendix, §§ 923, 924, the correctness and validity of any final order establishing a claim receivable could only be considered by the Emergency Court of Appeals, no other court having any jurisdiction.

■ I have no doubt that the claim receivable form establishing the balance of the claim receivable for which this suit is brought was a final order. The fact that it came after a series of orders each reducing the balance originally claimed in no way affects its finality nor does the fact that, as averred by the defendant, the plaintiff subsequently wrote to the defendant's accountant asking for further information. The defendant may or may not have hoped or expected that the R.F.C. would reduce the balance still further as a result of further information obtained from the accountant, but there is nothing in any communication which it received which amounts to a waiver of or recession from the original position of the R.F.C. that the balance claimed was due and payable. This being so, the question whether the defendant's records were adequate or inadequate is not before this court and cannot be inquired into in this proceeding, nor is the good faith of the defendant in submitting the claims.

■ The action is not barred by the statute of limitations. See Taylor & Richards v. Reconstruction Finance Corp., Em.App., 193 F.2d 877. Alternatively, the defendant contends that the plaintiff's claim is barred by laches, alleging that it was lulled into inaction by the government over a period of five or six years. However, the defendant lost its right to take an appeal to the Emergency Court of Appeals by failing to apply for administrative review which is a prerequisite to an appeal, December 15, 1950, being the deadline for applying for administrative relief. Consequently, from that date on, the whole question

214

of the adequacy or inadequacy of its records became immaterial and any reliance which it may have placed upon the inaction of the government could not have put it at any disadvantage in the matter of obtaining evidence or preparing its case. The R.F.C. in no way hindered its appeal. It may be that the alleged failure of the defendant's accountant to advise it of the situation in time to take the necessary action may have misled it, but no action on the part of the R.F.C. did.

In addition, there is a claim receivable in the amount of $475.44 which arose because of meat held in inventory at the termination of the subsidy program. This amount must be added to the balance of $57,610.67.

The plaintiff's motion for summary judgment will be granted. An appropriate order may be submitted.