**UNITED STATES of America,**
**Plaintiff,**

v.

**Ralph TAMBASCO, Defendant.**

**Civ. A. No. 5136.**

United States District Court
N. D. New York.

Aug. 3, 1956.

**730**

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., George W. Seager, Asst. U. S. Atty., Phelps, N. Y., of counsel, for the United States.

Carroll, Amyot & Doling, Saratoga Springs, N. Y., James F. Carroll, Saratoga Springs, N. Y., of counsel, for defendant.

FOLEY, District Judge.

The government plaintiff moves for summary judgment. The action is another one of the troublesome ones, at least for me, to recover for substantial livestock slaughter subsidy payments paid to the defendant by the Reconstruction Finance Corporation, under Section 2(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 902(e). The United States, as the plaintiff herein, filed the complaint under the provisions of 28 U.S.C. § 1345, in this Court on January 26, 1954. The claim relates to subsidy payments made in May and June, 1946, and pursuant to the Regulations such payments were invalidated after certification by the Price Administrator that the defendant had exceeded his slaughter quota for these monthly reporting periods of May and June, 1946.

These matters are difficult for me because they relate back to events that happened so long ago. Further, there is the fear that some citizen, no matter how wrong he may be, has been deprived of administrative or judicial review. There is also the paradox presented by the contention that this court has no power or jurisdiction to delve into the merits or background of the factual situation because judicial review is vested in the Emergency Court of Appeals by Section 204(d), 50 U.S.C.A. Appendix, § 924(d), as to validity of any regulation or order, but does have enforcing jurisdiction to grant summary judgment for large amounts of money solely upon exhibits surrounded by the aura of officialdom. To me it is an uncomfortable feeling, because there is always the fear that administrative and authorized judicial review might have uncovered some mistake not readily apparent in cold records. It may be I am unduly alarmed because official records possess inherent integrity, and in this massive program the procedures for protest and review were adequate and present to be taken advantage of.

I have had two matters of this kind. The first was United States v. Utica Meat Co., Inc., D.C., 135 F.Supp. 834, in which I granted summary judgment for the government. In that case I decided adversely to two of the contentions set forth in affirmative defenses by the defendant here, and I stand now upon the same reasoning. In support of my conclusion I cited, and cite again, authorities to the effect that the United States is a proper plaintiff. United States v. Shofner Iron & Steel Works, 9 Cir., 168 F.2d 286, 287; Cherry Cotton Mills, Inc., v. United States, 327 U.S. 536, 539–540, 66 S.Ct. 729, 90 L.Ed. 835; United States v. Borin, 5 Cir., 209 F.2d 145, certiorari denied 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647; United States v. New York Dock Co., D.C., 100 F.Supp. 303, 305; United States v. Bass, 8 Cir., 215 F.2d 9. As to the defense that the Statute of Limitations intervenes, the reasoning in United States v. Borin, 5 Cir., 209 F.2d 145 is sufficient answer.

In the second matter, United States v. Edward Beard and Al J. Beard,

formerly doing business as A. J. Beard & Son, I denied the motion for the government in a decision dated February 10, 1956, 144 F.Supp. 732, without prejudice to renewal mainly because there seemed to be lack of effective exhibits and no showing that the order of invalidation was definite, final and received by the slaughterer. See Riverview Packing Co. v. R. F. C., Em.App., 207 F.2d 415. I also posed several questions and requested further briefing because there was complexity and circuity in the many decisions. There seemed to be an attitude in the courts to allow administrative protests and procedures whenever possible despite the provisions of Regulation 11, promulgated by the R.F.C. September 14, 1950, 15 F.R. 6193, setting the cut-off date for the filing of protests as December 15, 1950. The government has furnished a helpful supplemental memorandum on the questions I raised in the Beard opinion. Regulation 11 clearly applies to the situation here and any protest under the meat subsidy program should come within the time of limitation. See Mirman v. R. F. C., Em.App., 194 F.2d 290, 292.

█ In this motion, the exhibits show two explicit letters dated September 19, 1947 and January 20, 1948, requesting the payment of substantial amounts of money allegedly owed. These, together with the O. P. A. certificates, are admitted by the defendant. It is settled law that such letters constitute orders under Section 2(e) of the Emergency Price Control Act. Riverview Packing Co. v. R. F. C., 3 Cir., 207 F.2d 361, 366; United States v. Bass, 8 Cir., 215 F.2d 9, 14. Good cases to support the position of the government for summary judgment on this state of the record presented are United States v. Luer Packing Co., D.C., 110 F.Supp. 792; United States v. Trenton Packing Co., D.C., 133 F.Supp. 69; United States v. Bass, 8 Cir., 215 F.2d 9. Also see United States v. Borin, supra. Together with this law, we have the added feature that this same defendant sought to recover as plaintiff subsidy payments for September and October,

1946, and a declaratory judgment and injunction preventing the R. F. C. from invalidating payments for May and June, 1946, and attempting to recover them. Tambasco v. R. F. C., 2 Cir., 1949, 178 F.2d 283. We have here only the May and June, 1946, problem and I do not know what happened to the September and October claims. This point is of some interest but not my problem, because of the interesting discussion in Riverview Packing Co. v. R. F. C., 3 Cir., 207 F.2d 361, that the district court has jurisdiction of suits, where no invalidation order is in effect, and may strike a balance of the claims of each side. The second affirmative defense here upon the question of the historical use formula was discussed as one that could only be reviewed in the Emergency Court of Appeals. Tambasco v. R. F. C. supra, 178 F.2d at page 285. It was also pointed out in this 1949 decision by the Court of Appeals, Second Circuit, that the plaintiff then, defendant now, had failed to exhaust his administrative remedies.

█ The question of interest is also settled in the law. Wilson & Co. v. R. F. C., Em.App., 194 F.2d 1016, 1021–1023; United States v. Bass, 8 Cir., 215 F.2d 9, 14–17; H. P. Coffee v. R. F. C., Em. App., 215 F.2d 818, 824. However, there is the general principle of fairness and equity discussed through these cases and some extent of discretion in the district court. In this case, the 4% as set by the R. F. C. is not disturbed, but it seems reasonable that the interest should run only from the January 20, 1948 letter (which sets forth accurately the true and full amount claimed) to January 26, 1954, the date of the filing of the complaint. Any delay in the prosecution and decision of this matter should be charged against the government and this Court.

The affirmative defenses in the answer are stricken, and it is my conclusion that the plaintiff is entitled to judgment as a matter of law. Such judgment may enter for the amount demanded in the complaint, with interest computed as outlined herein.