UNITED STATES of America, Plaintiff,

v.

Edward BEARD, and Al J. Beard, formerly doing business as A. J. Beard & Son, Defendants.

Civ. No. 4312.

United States District Court
N. D. New York.
Jan. 16, 1957.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., George W. Seager, Asst. U. S. Atty., Phelps, N. Y., of counsel, for plaintiff.

Harry Pozefsky, Gloversville, N. Y., for defendants.

FOLEY, District Judge.

This is the second application by the Government in this action for summary judgment. I denied the first application without prejudice to renewal by Memorandum-Decision and Order dated February 10, 1956. D.C., 144 F.Supp. 732. The basis for such conclusion was that the record submitted on the motion did not contain a definite and final order of invalidation which seemed most important to grant the relief requested. My decision at that time was one merely of inquiry because the interpretation of the law was not clear to me and the results seemed extremely harsh. Since then I have written two opinions, probably in too much detail, setting forth the application of the law and previous judicial decisions as in my judgment relate to situations of this kind. United States v. Utica Meat Co., Inc., D.C., 135 F.Supp. 834; United States v. Tambasco, D.C., 144 F.Supp. 729. I incorporate by reference the law and decisions that I discussed and applied in those two cases to the decision of this motion. Also, a recent case very close in fact and law to the action here is relied upon to support my determination, United States v. Willow Brook Packing Co., D.C., 141 F.Supp. 212.

The omissions of the previous motion have been supplied. The two Claim Receivable forms attached as exhibits give background support to the letter of November 7, 1947, invalidating the claims of the defendants in the amount of $31,524.20 for failure to produce records to substantiate the claims. This letter was much more final than some in previous cases, was in accord with the Regulations, and it is settled that such a letter would constitute an order of invalidation within the meaning of the Act. United States v. Trenton Packing Co., D.C., 133 F.Supp. 69, 71; citing Armour & Co. v. R. F. C., Em. App., 162 F.2d 918; Merchants Packing Co. v. R. F. C., Em.App., 176 F.2d 908; United States v. Willow Brook Packing Co., supra. The amount set forth in the counterclaim also meets the same barrier of invalidation because admittedly by the answer of the defendants such amounts were invalidated by the government agency. The failure to pursue the administrative remedies and review by the Emergency Court of Appeals forecloses the consideration of the invalidated claims in this Court. See Riverview Packing Co. v. R. F. C., 3 Cir., 207 F.2d 361, 368–369.

The motion for summary judgment is granted. The plaintiff may have judgment as a matter of law for the amount demanded in the complaint, with interest as requested therein to run only from the date of the letter, November 7, 1947, to the date of the filing of the complaint in this Court. See United States v. Tambasco, supra, 144 F.Supp. at page 731, and also summary judgment dismissing the counterclaim of the defendants. An appropriate order in accordance herewith shall be prepared and submitted by the plaintiff.