**UNITED STATES of America, Appellant,**

v.

**Edward BEARD and Al. J. Beard, Formerly d/b/a A. J. Beard & Son, Appellees.**

**No. 50, Docket 24637.**

United States Court of Appeals Second Circuit.

Argued Feb. 7, 1958.

Decided May 23, 1958.

Robert S. Green, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Theodore F. Bowes, U. S. Atty., for the Northern Dist. of New York, Syracuse, N. Y., and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

No appearance for appellees.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

MEDINA, Circuit Judge.

This case involves a demand by the United States for the restitution of subsidy payments made pursuant to the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., a subject discussed at length in our opinion in United States v. A-1 Meat Co., Inc., 2 Cir., 255 F.2d 491.

Under the Livestock Slaughter Subsidy Program, A. J. Beard & Son, appellee, had received meat subsidy payments in the amount of $31,524.20. By a letter dated November 7, 1947, the RFC invalidated Beard's subsidy claims on which these payments were based and requested restitution of the amounts paid plus interest at the rate of 4% per annum from the date of the disbursement of the payments. This "administrative order" also notified Beard that until remittance "interest charges at the rate of 4% per annum will continue to accrue." Beard made no attempt to protest or seek review of this order, but nevertheless failed to pay the amount claimed to be due the United States.

On May 21, 1952, the Government filed its complaint and sought payment "in the sum of $31,524.20, and interest from the dates of payment to the date of judgment at the rate of 4 per cent per annum, together with interest and cost of suit." The court below granted the Government's motion for summary judgment on the ground that it lacked jurisdiction to consider the validity of the order invalidating Beard's subsidy claims. The court awarded interest in the sum of $31,524.-20 "only from the date of the letter, November 7, 1947 to the date of the filing of the complaint in this Court" on the basis of "the general principle of fairness and equity" discussed in United States v. Tambasco, D.C.N.D.N.Y., 144 F.Supp. 729, 731. The United States contends that the court below had no jurisdiction thus to alter the administrative order on which its complaint was based, and that the United States is therefore entitled to 4% interest from the date of disbursement until the date of repayment of the subsidy.

The question now before us is controlled by the principles set forth in our opinion in the A-1 Meat Co. case. One of the terms of the order in this case was its requirement that interest at the rate of 4% per annum be paid from the date of the disbursement of the payments. The validity of this, as well as of all the other provisions of the order, was solely for determination by the Emergency Court of Appeals, after prosecution of the preliminaries necessary to bring the question of such valid-

ity before that tribunal for decision. Appellee failed to pursue the only remedy open to it. No matter how inequitable or oppressive it may seem to permit the recovery of this interest after so long a lapse of time, it is clear that the District Court had no jurisdiction or power to alter the effectiveness of any part of the order. And it is equally clear that the subsidy applicant had the use of the money in the interval.

The Eighth Circuit has passed on the precise question raised on this appeal and held that the interest must be awarded as provided in the administrative order. United States v. Bass, 215 F.2d 9, 15–16. We agree with that decision.

In the consideration of this case and that of the A-1 Meat Company we wish to note our acknowledgment of the assistance afforded us by the comprehensive brief filed by Government counsel herein.

The judgment should therefore be modified and interest awarded as sought in the complaint.

Modified and remanded.