**UNITED STATES of America,**
**Plaintiff,**

v.

**A-1 MEAT COMPANY, Inc.,**
**Defendant.**

United States District Court
S. D. New York.

Nov. 8, 1956.

Paul W. Williams, U. S. Atty., Southern District of New York, New York City, for plaintiff.

Saul A. Finkel, New York City, for defendant.

EDELSTEIN, District Judge.

The Government has moved for summary judgment in a suit for restitution of subsidies paid by it to the defendant, a livestock slaughterer, pursuant to Section 2(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C. Appendix, § 902(e), 50 U.S.C.A. Appendix, § 902. The defendant, having asserted a counterclaim, cross-moves for summary judgment on that claim and also for judgment dismissing the plaintiff's cause of action on the ground of laches.

The complaint sets forth that subsidy payments were claimed and received by the defendant, for the December 1945 accounting period, from the Reconstruction Finance Corporation under the Meat Subsidy Program. These subsidy payments, it is alleged, were made solely as a result of preliminary action by the R. F. C. and did not represent final approval, but were subject to recapture if found improper. Section 7(b) (2) of Directive 41 of the Office of Economic Stabilization [1] provided that R. F. C. subsidies should be withheld upon certification by the Office of Price Administration that it was determined in a court of first instance that the slaughterer had violated a price regulation. It is averred that upon receipt of certification from the Office of Price Administration that the defendant had been found to have violated that Administration's Meat Price Regulation 574 during December, 1945, the R.F.C. issued administrative orders, by means of letters and adjustment forms (certified copies of which are annexed to the complaint) invalidating the defendant's December 1945 subsidy claims and demanding return of the subsidies paid. The complaint states that the defendant took no administrative appeal from these final administrative orders, which were authorized by Section 7003.10(a) (2).[2]

In opposing the Government's motion for summary judgment the defendant denies that it ever violated a price regulation. It insists, moreover, that there never has been a determination by a court of first instance, as required by the

1. Section 7(b) (2) of Directive 41 of the Office of Economic Stabilization, as added by Amendment 2 (11 F.R. 1215, 32 C. F.R. [1946 Supp.] p. 5069):

"Upon a determination by any court of first instance, either criminal or civil, or upon a determination by a hearing commissioner, that a subsidy applicant has violated any substantive provision of an Office of Price Administration meat or livestock regulation or order, the Office of Price Administration shall certify the determination to the Reconstruction Finance Corporation, including the period of time during which the violation is found to have occurred. Defense Supplies Corporation shall thereupon withhold payment of all subsidy claims of the applicant for the accounting period in which the violation is found to have occurred. * * * "

The Defense Supplies Corporation was the original administrative agency for the meat subsidy program. On June 30, 1945, this corporation was terminated and its functions and assets transferred to the Reconstruction Finance Corporation by Joint Resolution of Congress, 59 Stat. 310, 15 U.S.C.A. § 611 note.

2. Section 7003.10 (a) (2) as added by Amendment No. 15 to Revised Regulation No. 3:

"(a) Compliance with other Regulations. RFC shall declare invalid, in whole or in part, any claim of any applicant who:

(b) The Price Administrator certifies to Reconstruction Finance Corporation has been determined in a civil proceeding to have violated a substantive provision of any regulation or order of the Office of Price Administration applicable to the purchase or sale of livestock or to livestock slaughter or to the sale or distribution of meat, * * * ."

directive and regulation, that it has committed such a violation. An action against the defendant in 1946 by the Administrator of the Office of Price Administration to enjoin acts alleged to constitute a violation of the Emergency Price Control Act of 1942 and to enforce compliance with the terms of that Act was ultimately dismissed for lack of prosecution, but only after the issuance of a preliminary injunction. On the authority of Bernstein v. Porter, Civ. 38–534, D.C.S.D.N.Y., April 24, 1947, the defendant argues that the preliminary injunction does not amount to a determination as required by the directive and regulation. Inasmuch as there was no determination that defendant had violated a price regulation, it is argued, there could have been no certification to that effect, and there in fact was none. Finally, the defendant maintains that the letters and adjustment forms annexed to the complaint as an exhibit do not constitute an order by the administrative agency.

■■ The only question of fact to be resolved is whether there is an order or determination by the Reconstruction Finance Corporation that a subsidy claim is invalid, or effecting an adjustment in the claim. Section 204(d) of The Emergency Price Control Act of 1942, as amended, 50 U.S.C. Appendix, § 924(d), 50 U.S.C.A. Appendix, § 924(d), provided that the Emergency Court of Appeals should have exclusive jurisdiction to determine the validity of any regulation or order issued under Section 2, and that no other court shall have jurisdiction or power to consider the validity of any such order. Therefore, if such an order exists, this court is precluded from questioning its validity, wisdom or justice. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Riverview Packing Co., Inc., v. Reconstruction Finance Corp., 3 Cir., 207 F.2d 361; Reconstruction Finance Corp. v. MacArthur Mining Co., 8 Cir., 184 F.2d 913; Swift & Co. v. Reconstruction Finance Corp., 7 Cir., 183 F.2d 456; Tambasco v. Reconstruction Finance Corp., 2 Cir., 178 F.2d 283; Illinois Packing Co. v. Reconstruction Finance Corp., 7 Cir., 156 F.2d 875. Defendant cites the case of Bernstein v. Porter, supra, in this district, wherein the court did go behind the administrative order to ascertain whether it had been properly based upon a certification of a determination of a court of first instance. However, that court based its jurisdiction on the ground that the case came under the purview of Section 2(m) of the Act, which gave the District Court jurisdiction to grant relief in certain controversies involving "agricultural commodities". But it is well settled that meat products, under this act, do not constitute "agricultural commodities", and that Section 2(m) does not apply to the payment of meat subsidies. Riverview Packing Co. v. Reconstruction Finance Corp., supra, and cases cited in note 7, 207 F.2d at page 366.[3]

■ An examination of the exhibits annexed to the complaint leaves no doubt whatever that an appropriate administrative order was issued, by way of letters and adjustment forms. To qualify as an order an action of the R. F. C. invalidating a subsidy claim need not follow any particular technical form and need not even be expressly designated as an order. United States v. Bass, 8 Cir., 215 F.2d 9, 13; Riverview Packing Co. v. Reconstruction Finance Corp., supra, 207 F.2d at page 366; Armour & Co. v. Reconstruction Finance Corp., Em.App., 162 F.2d 918, 923. The letters and adjustment forms unequivocally indicate that the subsidy claim for the period involved was declared invalid and restitution demanded. The defendant's argument that no order exists in the case is in reality based upon the contention that it does not meet the requirements of the directive and regulation for a "determination" and a "certification". It is urged

---

**3.** Moreover, the authority of the Bernstein case that the determination of a court of first instance, to be certified by the Office of Price Administration, may not be one made in the issuance of a preliminary injunction disappeared with the decision of Federated Meat Corp. v. Reconstruction Finance Corp., Em.App., 183 F.2d 588.

that without proof of these factors, no order can be proven. But this view would oblige the court to go behind the face of the order and test its validity against the requirements set for its issuance. Such a course of inquiry is by statute withdrawn from the court's competence.

■ The defendant's motion for summary judgment on the ground of laches is not well founded, inasmuch as laches is an affirmative defense which must be pleaded, Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C., and it has not been pleaded. The defendant's motion for summary judgment on its counterclaim will be denied, for the counterclaim is conceded and the amount is deducted from the sum demanded in judgment by plaintiff. The plaintiff's motion for summary judgment will be granted.