**UNITED STATES of America, Plaintiff,**

v.

**Marcel C. DARCHE t/a Paris Abattoir, Defendant.**

**Civ. A. No. 117–56.**

United States District Court
D. New Jersey.

Dec. 28, 1956.

Chester A. Weidenburner, U. S. Atty., by Herman Scott, Newark, N. J., George Cochran Doub, Asst. Atty. Gen., Maurice S. Meyer, U. S. Dept. of Justice, Washington, D. C., for the Government.

Robert R. Daly, Newark, N. J., for defendant.

WORTENDYKE, District Judge.

In this action the Government seeks restitution of net balance of subsidies paid to defendant, a livestock slaughterer, pursuant to section 2(e) of the Emergency Price Control Act of 1942, 50 U.S.C.Appendix, § 902(e). The subsidy payments were made, for the months of August and September 1945, in the aggregate amount of $5,931.01, upon preliminary approval only. These subsidy payments were made subject to the terms and conditions prescribed by Reconstruction Finance Corporation's

Livestock Slaughter Payments Regulation No. 3 (8 F.R. 10826), 32 C.F.R. Part 7003.1 (Supps.1943, 1944), effective June 7, 1943, Revised Regulation No. 3 (10 F.R. 4241), 32 C.F.R. Part 7003.1 (Supp.1945) as amended, effective January 19, 1945, and Office of Economic Stabilization Directive 41 (10 F.R. 4494), 32 C.F.R. Part 4004.1 (Supps. 1945, 1946 and 1947), as amended, effective April 24, 1945.

The subsidy claims against which the payments were made were invalidated on March 7, 1946, by an Agent's Adjustment Form T–608, referred to in a letter of October 9, 1947, to Paris Abattoir, the name under which the defendant traded. From a copy of that letter annexed to the complaint it appears that the defendant was advised that by virtue of the invalidation of the subsidy claims of the defendant, a claim accrued in favor of Reconstruction Finance Corporation on March 7, 1946, in the amount of the subsidy paid ($5,931.01). Against this Reconstruction Finance Corporation claim was credited defendant's subsidy claim as Acme Butchers, for April 1946, leaving an outstanding balance of $4,-341.61 as of October 9, 1947, to which was added interest at the rate of 4% per annum. The total due as of the date of the letter was $4,756.97.

The order of invalidation was based upon a certificate of the Office of Price Administration that the defendants had wilfully violated the provisions of O.P.A. M.P.R. 574. To the foregoing order of invalidation defendant filed no protest with the Administrator as provided in Section 203(a) of the Emergency Price Control Act of 1942, 50 U.S.C.Appendix, § 923(a). Accordingly, no action by the Administrator respecting the certified violations was or could be taken, nor could the jurisdiction of the Emergency Court of Appeals be invoked as provided by Section 204(a) of the same Act, 50 U.S.C.A.Appendix, § 924(a). Plaintiff alleges that by virtue of the invalidation of the subsidy claims, upon which payments had already been made upon preliminary approval, the defendant became indebted to the Government in the sum of $5,931.01, against which the credit of the proceeds of the claim of Acme Butchers was applied, thus reducing the balance of the Government's claim to $4,-341.16. This amount, together with interest at 4% per annum and its costs, the Government seeks to recover from the defendant in this action.

The answer simply denies the claim, as well as the right to make the adjustment resulting in the net balance, and affirmatively pleads that this action "was not commenced within the time allowed by law."

Pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A., the plaintiff moves for summary judgment, contending that the pleadings and affidavit show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, as provided by subdivision (c) of the cited Rule.

■ In opposition to the motion, defendant files an affidavit in which he does not deny the order of invalidation nor the certification of violations of price regulations recited therein. Defendant merely states that "he received no hearing before a court, either criminal or civil or before a hearing commissioner", and that the first notification which he received of any liability to the plaintiff was the letter dated March 7, 1946, which is also recited in that of October 9, 1947 (Exhibit A annexed to the complaint). Although defendant's brief on this motion sets forth that the action is barred by a "self-imposed statute of limitations" because of the language of the preamble of Reconstruction Finance Corporation Regulation No. 11 (15 F.R. 6193), the oral argument in behalf of the defendant was confined to the contention that the denial in the answer of the claim set forth in the complaint created an issue of fact for the determination of which this Court has jurisdiction. In other words, the defendant claims the right to be heard upon whether he was guilty of the violations of the price regulations certified and, incidentally, wheth-

er the plaintiff had a right to credit against the invalidated subsidy claims of Paris Abattoir, the amount of the subsidy claim of Acme Butchers.

The decision of this motion must turn upon what I understand to be the principal question which the defendant raises in opposition to the motion. I refer to the question of this Court's jurisdiction to determine whether or not defendant was guilty of the violations of the Price Regulations as certified by the Administrator and upon which the order invalidating the subsidy claims depends. This question has been frequently adjudicated, contrary to the defendant's contention, and most recently in United States of America v. A-1 Meat Company, Inc., D.C., 146 F.Supp. 590, by District Judge Edelstein in the Southern District of New York. The facts in A-1 Meat were strikingly similar to those in the case at bar excepting the difference that the defendant in the former had filed a counterclaim and there were cross-motions for summary judgment. In A-1 Meat the defendant's opposition to the Government's motion rested upon a denial that there had been any violation of a price regulation and the assertion that the commission of such a violation had never been determined by a court of first instance. In both cases there had been a previous suit by the Government to enjoin acts of the defendant alleged to constitute violations of the Emergency Price Control Act, and to enforce compliance therewith. The injunction suit in A-1 Meat, as well as the one which preceded the case at bar, was dismissed for lack of prosecution—in each case after the need for the injunction had long since expired, as had the enabling legislation. Pointing out that "the only question of fact to be resolved is whether there is an order or determination by the Reconstruction Finance Corporation that a subsidy claim is invalid, or effecting an adjustment in the claim" the Court, in A-1 Meat, relying upon Section 204(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 924(a), as interpreted and construed

in Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Riverview Packing Corp. Inc. v. Reconstruction Finance Corp., 3 Cir., 1953, 207 F.2d 361, and other cases, concluded that the order of invalidation embodied in the letter recited in the complaint was effective to invalidate the subsidy payments and entitle the Government to their restitution, and that the District Court was without jurisdiction to determine whether the defendant had wilfully violated price regulations in view of the exclusive jurisdictional grant to the Emergency Court of Appeals by Section 204(d), supra.

Chief Judge Forman, of this District, was confronted with a more strikingly similar factual pattern in United States v. Trenton Packing Company, D.C.1955, 133 F.Supp. 69, in which he disposed of the questions raised at bar adversely to the contentions of the present defendant, and entered summary judgment for the plaintiff. Chief Judge Forman's comprehensive and discriminating review of the applicable law renders unnecessary a summary of his cogent reasoning by reason of my complete concurrence in his conclusions.

Defendant argues that he has no remedy before the Emergency Court of Appeals because the existence of that tribunal has long since terminated through the expiration of the enabling legislation. However, the Act constitutionally cast upon the defendant the onus, when, as he admits, he received the letter of March 7, 1946 (and when the legislation and the Emergency Court of Appeals were still effective and in existence), of filing his protest with the Administrator within the time prescribed and thereby afforded him the machinery of due process for the determination of the question which he now seeks to raise, i. e., whether he was guilty of the violations of price regulations upon which his subsidy claims were invalidated.

While not necessary, in my opinion, to the decision of the present motion, it may be pointed out that Judge Smith of this Court, on January 30, 1946, in Ches-

ter Bowles, Price Administrator, etc. v. Marcel J. Darche doing business as Paris Abattoir, Civil Action File No. 7071 (a suit to enjoin price violations charged against the defendant), found as a fact that said defendant, for the months of August and September 1945, paid in excess of the maximum permissible cost, less allowable transportation, for cattle slaughtered by the defendant during those accounting periods, and concluded that defendant thereby engaged in acts and practices constituting a violation of Office of Price Administration Meat Price Regulation 574. That injunction suit was dismissed for lack of prosecution under General Rule 11 of this Court, on May 19, 1947. The expiration, on June 30, 1947, of the Price Control Act as extended by the Price Control Extension Act, rendered no longer necessary or appropriate the injunctive relief which the Price Administrator had secured by the order of January 30, 1946.

Defendant does not deny that he received the order of October 9, 1947. He admits that he received the notice of claim of March 7, 1946, therein referred to. At the time of his receipt of each of these notices there was available to him due process of law by way of protest to the Administrator and right to be heard before the Emergency Court of Appeals, subject to review of its decision by the Supreme Court of the United States. After the Government had given the defendant these notices invalidating defendant's subsidy claims, the next move required under the statutory scheme was that of the defendant. He did not make that move and gives no reason why he failed to avail himself of the remedy afforded within the time prescribed. Instead, he suffered the statutory forum, which rendered available to him due process for the determination of the violations charged by the Administrator, to expire.

This Court, sitting as a three judge court in accordance with 28 U.S.C. § 380a,[1] recognized its lack of jurisdiction

to restrain enforcement of the Emergency Price Control Act of 1942 since § 204 (d) of the Act, 50 U.S.C.A.Appendix, § 924(d), provided that jurisdiction over such matters would lie exclusively in the Emergency Court of Appeals, Lockerty v. Phillips, D.C.N.J.1943, 49 F.Supp. 513. In his opinion for the Supreme Court affirming the dismissal of the complaint in the Lockerty case, 319 U.S. 182 at page 186, 63 S.Ct. 1019, at page 1022, 87 L.Ed. 1339, Chief Justice Stone employed the following language which is adaptably descriptive of defendant's position in the case at bar:

"Although by following the procedure prescribed by these provisions of the Act [§§ 203 and 204] appellants could have raised and obtained review of the questions presented by their bill of complaint, they did not protest the price regulation which they challenge and they took no proceedings for review of it by the Emergency Court. Appellants are thus seeking the aid of the district court to restrain the enforcement of an administrative order without pursuing the administrative remedy provided by the statute (cf. Illinois Commerce Commission v. Thomson, 318 U.S. 675 [686], 63 S.Ct. 834, 839, 87 L.Ed. [1075] * * *), and without recourse to the judicial review by the Emergency Court of Appeals and by this Court which the statute affords."

The letter to defendant of October 9, 1947 was an order under section 2(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 902(e). Riverview Packing Co. v. Reconstruction Finance Corp., 3 Cir., 1953, 207 F.2d 361. That order was reviewable only by the Emergency Court of Appeals, after protest, as provided by Section 204 of the Act, 50 U.S.C.A.Appendix § 924. United States v. Bass, 8 Cir., 1954, 215 F.2d 9, 14.

The absence of jurisdiction in this Court which existed at the time due to the availability of remedy by way of

1. Now 28 U.S.C.A. §§ 2282, 2284.

protest to the Administrator and action in the Emergency Court of Appeals has not been affected by the termination of the availability of those remedies. Since, therefore, the indebtedness set forth in the letter order of October 9, 1947 was not contested by the defendant by means then available, defendant has suffered a default in the Government's then appropriate proceeding for the establishment of its liquidated claim for restitution.

This action is not barred either by laches or by any statute of limitations. United States v. Borin, 5 Cir., 1954, 209 F.2d 145, certiorari denied 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647.

I find, therefore, that there is no genuine issue as to any material fact here and that plaintiff is entitled to judgment as a matter of law for the amount, with interest, claimed in the complaint. Wilson & Co. v. Reconstruction Finance Corp., Em.App.1952, 194 F.2d 1016; H. P. Coffee Co. v. Reconstruction Finance Corp., Em.App.1954, 215 F.2d 818, 824. An order may be presented in accordance with the views herein expressed.